In re Fewell

IN THE MATTER OF: MICHAEL JAMES FEWELL

No. 7626DC618

(Filed 2 February 1977)

Infants § 10— finding of crime committed by infant — adjudication of delinquency

Where the trial judge heard evidence and found that respondent had broken and entered a residence and had committed larceny and received stolen goods, but the judge postponed "adjudication and disposition" pending receipt of a social summary, such proceedings constituted a valid adjudicatory hearing, despite the inadvertent wording of the order postponing "adjudication and disposition."

APPEAL by respondent from *Lanning, Judge.* Order entered 23 March 1976 in District Court, MECKLENBURG County. Heard in the Court of Appeals 11 January 1977.

Respondent was brought before the Mecklenburg County Juvenile Court on three petitions alleging delinquency. Two of them alleged felonious breaking and entering of a residence and larceny therefrom, while the third alleged felonious receiving of stolen goods. The juvenile hearing was held before Judge Black on 24 February 1976. Respondent was represented by counsel.

Judge Black heard evidence from both sides and entered an order in the matter, the pertinent parts of which are as follows:

"Based on the evidence presented in Court, THE COURT FINDS that the juvenile did in fact and beyond a reasonable

doubt commit the breaking and entering into the residence of Lynn Gail Lewis as alleged in the Petition dated December 18, 1975. . . . THE COURT FINDS that the juvenile did in fact and beyond a reasonable doubt receive stolen goods. . . .

"The Court defers adjudication and disposition in this matter until March 16, 1976 . . . pending receipt of a social summary."

The matter came up on 16 March 1976 before Judge Lanning. He ordered "disposition" of the case continued until 23 March 1976. On that day Judge Lanning entered an order which stated:

"THIS MATTER COMING ON TO BE HEARD this the 23rd day of March, 1976 for disposition. . . .

"THE COURT RECEIVED the social summary as previously requested.

"THE COURT FINDS that it would be in the best interest of the juvenile that he be placed on probation for a period of one year.

"THEREFORE, THE COURT ORDERS that the juvenile be placed on probation for period of one year. . . ."

From the order of disposition by Judge Lanning and adjudication and finding of facts by Judge Black, respondent appeals.

*Attorney General Edmisten, by Special Deputy Attorney General John M. Silverstein, for the State.*

*Mecklenburg County Public Defender Michael S. Scofield, by Assistant Public Defender James Fitzgerald, for the respondent.*

BROCK, Chief Judge.

The only question presented to this Court for determination is whether the juvenile court committed error by placing the respondent on probation without an adjudication or finding that he was delinquent. The respondent argues the initial proceeding terminated in an order that postponed "adjudication and disposition" until a social summary could be filed. At the

subsequent hearing, disposition of the matter occurred with imposition of probation, but in neither hearing was there an adjudication or finding of delinquency upon which to base the disposition order. We disagree.

General Statute 7A-285 governing juvenile hearings states:

"The juvenile hearing shall be a simple judicial process designed to adjudicate the existence or nonexistence of any of the conditions defined by G.S. 7A-278(2) through (5) which have been alleged to exist, and to make an appropriate disposition to achieve the purposes of this Article. In the adjudication part of the hearing, the judge shall find the facts and shall protect the rights of the child. . . .

"The court may continue any case from time to time to allow additional factual evidence, social information or other information needed in the best interest of the child. If the court finds that the conditions alleged do not exist, or that the child is not in need of the care, protection or discipline of the State, the petition shall be dismissed.

"At the conclusion of the adjudicatory part of the hearing, the court may proceed to the disposition part of the hearing, or the court may continue the case for disposition after the juvenile probation officer or family counselor or other personnel available to the court has secured such social, medical, psychiatric, psychological or other information as may be needed for the court to develop a disposition related to the needs of the child or in the best interest of the State. The disposition part of the hearing may be informal, and the court may consider written reports or other evidence concerning the needs of the child."

Under G.S. 7A-278(2) a "delinquent child" is defined as "any child who has committed any criminal offense under State law or under an ordinance of local government. . . "

The statute clearly contemplates two phases in a juvenile hearing—adjudication and disposition. In the present case the proceedings before Judge Black constituted a valid adjudicatory hearing, despite the inadvertent wording of the order postponing "adjudication and disposition."

As stated in G.S. 7A-285, the purpose of the adjudicatory part of the hearing is to find "the existence or nonexistence of

any of the conditions defined by G.S. 7A-278(2) through (5)." In his order Judge Black found as fact and beyond reasonable doubt that respondent had committed the offense of breaking and entering, and had received stolen property. Thus, the function of the adjudicatory part of the hearing was accomplished in that the conditions defined in G.S. 7A-278(2) were found to exist. While a specific finding adjudicating the child to be "delinquent" would have made for clarity, such terminology is not required by the statute. The court found the conditions of delinquency—the commission of a criminal offense—to exist. That finding constitutes a sufficient adjudication of delinquency.

Examination of the record shows that the postponement of final action in the case by Judge Black was solely to allow social summaries to be prepared and submitted. General Statute 7A-285 provides for such continuances so that the court can obtain pertinent information and assistance to aid it in the disposition phase of the hearing. Judge Lanning's order imposing probation was made after examination of the social summaries. The disposition was based on findings, supported by evidence, of the commission of acts that constituted delinquency. And a disposition imposing probation in cases of delinquency is authorized under G.S. 7A-286.

The order of the juvenile court is

Affirmed.

Judges BRITT and MORRIS concur.