IN THE MATTER OF: LARRY ANTHONY JOHNSON

No. 8527DC314

(Filed 16 July 1985)

**Infants § 20— adjudication of delinquency—necessity for stating standard of proof**

The trial court erred in adjudicating respondent a delinquent child without affirmatively stating that the allegation of the juvenile petition had been proved beyond a reasonable doubt.

APPEAL by respondent from *Carpenter, Judge.* Order entered 19 November 1984 in District Court, GASTON County. Heard in the Court of Appeals 24 June 1985.

Respondent Larry Anthony Johnson was adjudicated a delinquent child upon a finding by the trial court that he committed the offense of malicious damage to personal property. He was placed on supervised probation for twelve months. From this Order, respondent appealed.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Debra K. Gilchrist, for the State.*

*Stephen C. Brown for respondent.*

ARNOLD, Judge.

By his sole assignment of error, respondent contends that the trial court erred in that it failed to affirmatively state that the allegation of the juvenile petition had been proved beyond a reasonable doubt. He argues that the trial judge's failure to state the standard of proof used in making the determination of delinquency constitutes reversible error. We agree.

G.S. 7A-637 states in relevant part that, "If the judge finds that the allegations in the petition have been proved as provided in G.S. § 7A-635 [beyond a reasonable doubt], he shall so state." The failure of the trial judge to follow the clear mandate of the statute is error. *In re Wade*, 67 N.C. App. 708, 313 S.E. 2d 862 (1984).

The decision of the trial court is

Reversed and remanded.

Chief Judge HEDRICK and Judge PARKER concur.