IN THE MATTER OF: LAMONT WALKER, A MINOR; JONAH JONES, A MINOR; JEFFREY JONES, A MINOR, AND FREDDIE WALKER, A MINOR

No. 8612DC333

(Filed 7 October 1986)

1. **Infants § 20— adjudication of delinquency—failure to state standard of proof**
    The trial court erred in adjudicating respondents to be delinquent children without stating affirmatively in the adjudication orders that the allegations of the juvenile petitions had been proved beyond a reasonable doubt. N.C.G.S. § 7A-637.

2. **Infants § 18— juvenile—insufficient evidence of breaking or entering and larceny**
    Evidence that respondent juvenile was in a nearby yard while three other juveniles broke into the victim's garage and removed property therefrom and that respondent and the three other juveniles were later seen coming from the direction of the victim's house on their bicycles was insufficient to support an adjudication that respondent committed the offenses of breaking or entering and larceny.

APPEAL by respondents from *Guy, Judge.* Judgments entered 5 December 1985 in District Court, CUMBERLAND County. Heard in the Court of Appeals 28 August 1986.

In re Walker

Respondents Lamont Walker (age 10), Freddie Walker (age 12), Jeffrey Jones (age 12) and Jonah Jones (age 13) were each charged, in juvenile petitions, with felonious breaking or entering and felonious larceny. The petitions alleged that on 14 August 1985 respondents broke into Dar Stump's dwelling house and removed three bicycles and some fishing equipment therefrom. Respondents denied the allegations and entered pleas of not guilty.

An adjudication hearing was held on 5 December 1985. At the close of the State's evidence, the court denied each respondent's motion to dismiss. Respondents offered evidence through the testimony of Jeffrey Jones and Lamont Walker. At the conclusion of all of the evidence, the court adjudicated each respondent a delinquent juvenile and entered juvenile disposition orders placing each respondent on probation for one year and requiring payment of restitution and performance of community service work. Each respondent appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General David Gordon for the State.*

*Elizabeth Manton for respondent appellants.*

MARTIN, Judge.

[1]  Each respondent contends on appeal that the trial court erred by failing to state affirmatively, in the juvenile adjudication orders, that the allegations of the juvenile petitions had been proved beyond a reasonable doubt. As to each respondent, the court made a similar finding of fact: "[T]he Court after hearing all the evidence finds the allegations to be true." The State concedes that the court's failure to state the standard of proof used in making the determinations of delinquency constitutes reversible error and we agree. G.S. 7A-635 requires that the allegations of a juvenile petition alleging delinquency must be proved beyond a reasonable doubt. The pertinent provisions of G.S. 7A-637 provide: "If the judge finds that the allegations in the petition have been proved as provided by G.S. 7A-635, he shall so state." This Court has held that the provisions of the latter statute are mandatory and that it is reversible error for a trial court to fail to state affirmatively that an adjudication of delinquency is based upon proof beyond a reasonable doubt. *In re Johnson*, 76 N.C. App. 159,

331 S.E. 2d 756 (1985); *In re Wade*, 67 N.C. App. 708, 313 S.E. 2d 862 (1984).

[2]    By a separate assignment of error, respondent Jonah Jones contends that the evidence was insufficient to support an adjudication that he committed the offenses of breaking or entering and larceny. We agree.

In a juvenile adjudicatory hearing, the respondent is entitled to have the evidence evaluated by the same standards as apply in criminal proceedings against adults. *In re Meaut*, 51 N.C. App. 153, 275 S.E. 2d 200 (1981); *In re Dulaney*, 74 N.C. App. 587, 328 S.E. 2d 904 (1985). The State, therefore, must present substantial evidence of each essential element of the offense charged and of respondent's being the perpetrator. *State v. Myrick*, 306 N.C. 110, 291 S.E. 2d 577 (1982). The evidence must be such that, when it is viewed in the light most favorable to the State, it is sufficient to raise more than a suspicion or possibility of the respondent's guilt. *State v. Earnhardt*, 307 N.C. 62, 296 S.E. 2d 649 (1982).

The State's evidence in the present case tended to show that Sharon Jones, a next door neighbor to the victim, saw Freddie Walker, Lamont Walker and Jeffrey Jones attempting to pry open a side door to the victim's residence. She also saw Jonah Jones standing in her yard and, according to her testimony, "he wasn't doing anything." Shortly thereafter, Sharon Jones observed the Walkers and Jeffrey Jones in the victim's garage. There was no evidence that Jonah Jones ever entered the garage. Two other witnesses testified that they saw Freddie Walker come from the direction of the victim's house with some fishing equipment, place it behind another house, and return in the direction of the victim's house. All four respondents were later seen coming from the direction of the victim's house on their bicycles. The evidence showed that neighborhood children frequently cut through the victim's yard while riding bicycles. There was no evidence that any of the bicycles, including the one on which Jonah Jones was riding, were the same bicycles as those allegedly taken from the victim's garage.

The foregoing evidence is insufficient to establish that Jonah Jones actually committed any essential element of the offenses with which he was charged. Nor does the evidence establish his guilt by reason of aiding and abetting the other respondents in

the commission of the offenses. "An aider or abettor is a person who is actually or constructively present at the scene of the crime and who aids, advises, counsels, instigates or encourages another to commit the offense." *State v. Barnette*, 304 N.C. 447, 458, 284 S.E. 2d 298, 305 (1981). However, the mere presence of the defendant at the scene of the crime does not render him guilty of the offense as an aider and abettor; there must be some evidence tending to show that he had the intent to aid the perpetrators and that he, by his word or conduct, encouraged the commission of the offense or made it known that he would assist in its commission if necessary. *State v. Sanders*, 288 N.C. 285, 218 S.E. 2d 352 (1975); *State v. Goodman*, 26 N.C. App. 276, 215 S.E. 2d 842 (1975). Although the evidence in the present case shows that Jonah Jones was in a nearby yard when the offenses were committed, there was no evidence that he encouraged the others to commit the offenses or that he intended to provide assistance to them. The adjudication and disposition orders entered as to him must be reversed and the petition dismissed.

Respondents also assign error to the manner in which the trial court conducted the dispositional hearings in these cases. Although we have examined their contentions and find no merit therein, we deem it unnecessary to discuss the matter in light of our holdings in these cases.

In summary, the adjudication and disposition orders entered as to Lamont Walker, Freddie Walker and Jeffrey Jones are vacated and their cases remanded for a new adjudicatory hearing consistent with this opinion. As to Jonah Jones, the orders of the District Court are reversed and his case is remanded for entry of judgment of dismissal.

Case No. 85-J-402—Lamont Walker—vacated and remanded.

Case No. 85-J-403—Jonah Jones—reversed and remanded.

Case No. 85-J-404—Jeffrey Jones—vacated and remanded.

Case No. 85-J-405—Freddie Walker—vacated and remanded.

Judges WELLS and PHILLIPS concur.