IN THE MATTER OF: TANYA MITCHELL

No. 8712DC104

(Filed 15 September 1987)

1. **Burglary and Unlawful Breakings § 5— first degree burglary—insufficiency of evidence**

    Evidence was insufficient to sustain a verdict of first degree burglary where it tended to show that the juvenile entered an occupied dwelling in the nighttime; there was no evidence that she intended to commit larceny; and the intent to steal could not be presumed because there was evidence that the juvenile entered the house because someone was chasing her.

2. **Infants § 20— reasonable standard of proof stated in order—statute complied with**

    Though the trial court, at the time of a juvenile delinquency hearing, did not mention the reasonable doubt standard of proof as required by N.C.G.S. § 7A-635 and 637, the statutory requirement was met where the trial court stated in its order that, after hearing all the evidence, it found "the allegations to be true beyond a reasonable doubt."

APPEAL by respondent from *Guy, Judge.* Ordered entered 20 November 1986 in District Court, CUMBERLAND County. Heard in the Court of Appeals 26 August 1987.

Respondent, who was fourteen years old, was charged in juvenile court as being a delinquent juvenile as defined by G.S. 7A-517(12) in that she had committed the offense of first degree burglary. Evidence presented at trial tended to show the following: At approximately five o'clock in the morning, Mr. Ernest Holmes was awakened by the alarm clock in his daughter's room which was located down the hall. He thereafter heard rustling noises in his own room and when he got out of bed to investigate, he found respondent on the floor beside his bed. When he questioned her as to why she was in his house, respondent jumped into a corner between the wall and a dresser and said, "Shh, somebody is chasing me and I'm hiding from them."

Mr. Holmes called for his daughter and they locked respondent in a bathroom until the police arrived. The kitchen window, which had been closed when Mr. Holmes went to bed, was found open and respondent's shoes were found in the yard outside the window.

Respondent presented no evidence at trial. From the trial court's juvenile adjudication order declaring respondent delinquent and placing her on probation, respondent appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General David Gordon, for the State.*

*Assistant Public Defender Elizabeth Manton, for respondent appellant.*

ARNOLD, Judge.

[1] Respondent contends that the trial court "erred in concluding that the alleged delinquent act, burglary in the first degree, N.C.G.S. § 14-51, was proven by the State's evidence." We agree.

In order to sustain a conviction, there must be proof of every essential element of the crime charged. *State v. Powell,* 299 N.C. 95, 261 S.E. 2d 114 (1980). The essential elements of first degree burglary include breaking and entering a dwelling at nighttime, with the intent to commit a felony therein. *State v. Wells,* 290 N.C. 485, 226 S.E. 2d 325 (1976).

The felony alleged to have been intended by respondent was that of larceny. In the present case, there was no evidence that respondent intended to commit larceny. Thus, in arriving at the conclusion that respondent was guilty of first degree burglary, the trial court must have relied on the well-established *McBryde* presumption. *McBryde* held that when a party enters the dwelling of another, in the nighttime, while the inmates are asleep, the usual intent is to steal and when there is no explanation or evidence of a different intent, the fact of the nighttime entry, accompanied by flight when discovered, is some evidence of guilt and in the absence of any evidence of other intent, and with no explanatory facts or circumstances, may warrant a reasonable inference of guilty intent. *State v. McBryde,* 97 N.C. 393, 1 S.E. 925 (1887).

There was evidence presented in the case *sub judice* that respondent entered the house because somebody was chasing her. This is evidence of other intent and precludes application of the *McBryde* inference. *See State v. Moore,* 62 N.C. App. 431, 303

S.E. 2d 230 (1983); *State v. Lamson,* 75 N.C. App. 132, 330 S.E. 2d 68, *disc. rev. denied,* 314 N.C. 545, 335 S.E. 2d 318 (1985).

We find that there was insufficient evidence to sustain a verdict of first degree burglary. However, there was ample evidence that respondent was guilty of the lesser included offense of misdemeanor breaking or entering under G.S. 14-54(b). The felony charge must be stricken and the case remanded for resentencing on the lesser-included offense of misdemeanor breaking or entering. *See State v. Hankins,* 64 N.C. App. 324, 307 S.E. 2d 440 (1983), *aff'd per curiam,* 310 N.C. 622, 313 S.E. 2d 579 (1984).

[2] Respondent next contends that the trial court erred in failing to state the standard of proof used in making the determination of delinquency as required by G.S. 7A-635, G.S. 7A-637 and the North Carolina and United States Constitutions. We disagree.

G.S. 7A-635 states that "(t)he allegations of a petition alleging the juveniles delinquent shall be proved beyond a reasonable doubt." G.S. 7A-637 provides that "(i)f the judge finds that the allegations in the petition have been proved as provided in G.S. 7A-635, *he shall so state,"* (Emphasis added.) The statutory use of the word "shall" mandates the trial judges to affirmatively state that the reasonable doubt standard was followed. *In re Wade,* 67 N.C. App. 708, 313 S.E. 2d 862 (1984). Failure of the trial judge to follow the clear mandate of the statute is error. *Id.; In re Johnson,* 76 N.C. App. 159, 331 S.E. 2d 756 (1985).

The crux of respondent's contention is that, at the time of the hearing, the trial judge did not mention the reasonable doubt standard of proof required by statute. In the order entered on 20 November 1986, however, the trial court stated that after hearing all of the evidence it found "the allegations to be true beyond a reasonable doubt." This was sufficient to satisfy the requirement in G.S. 7A-635 and G.S. 7A-637. Respondent's contention on this matter is without merit.

Remanded.

Judges JOHNSON and PARKER concur.