IN THE MATTER OF: JONATHAN EADES

No. COA00-313

(Filed 5 June 2001)

**Juveniles— no adjudication of delinquency—disposition improper**

> The trial court erred by failing to enter an adjudicatory order stating that allegations in the juvenile delinquency petition had been proven beyond a reasonable doubt prior to entering disposition.

Appeal by juvenile from an order filed 9 November 1999 by Judge Franklin F. Lanier in Lee County District Court. Heard in the Court of Appeals 21 February 2001.

*Attorney General Michael F. Easley, by Assistant Attorney General David Gordon, for the State.*

*Staton, Perkinson, Doster, Post & Silverman, by Jonathan Silverman, for juvenile-appellant.*

BIGGS, Judge.

This appeal arises from a juvenile disposition order filed on 9 November 1999. The juvenile argues a number of assignments of error; however, we find that only assignment of error number four (4), which states that the trial court erred by failing to enter an adjudicatory order, merits further consideration. For the reasons stated herein, we find that the trial court did err in failing to enter an adjudicatory order and we thereby vacate the order of disposition and remand this matter for adjudication and disposition consistent with this opinion.

On 9 March 1999, two juvenile petitions were filed with the Lee County Juvenile Court alleging that Jonathan Eades, a fourteen (14) year old juvenile, was delinquent, having taken indecent liberties with

his cousins, ages 5 and 6, in violation of N.C.G.S. § 14-202.2 (1999). The record on appeal states that an order was entered on 18 May 1999, adjudicating the juvenile delinquent, and further states that no written adjudicatory order was entered in this action. On 9 November 1999, a disposition order was filed with the Lee County Clerk of Court. From this order, the juvenile now appeals.

The juvenile contends that the trial court committed reversible error when it failed to state that allegations in the petition had been proven beyond a reasonable doubt. We agree.

N.C.G.S. § 7A-631 (1995) (repealed 1 July 1999)[1] governing juvenile hearings contemplates two phases in juvenile hearings— adjudication and disposition. *See* N.C.G.S. § 7B-2405 (1999) ("The adjudicatory hearing shall be a judicial process designed to determine whether the juvenile is undisciplined or delinquent."); *see also, In re Fewell,* 32 N.C. App. 295, 297, 231 S.E.2d 925, 926-27 (1977) (refers to N.C.G.S. § 7A-285, which was repealed in 1980, and restated in N.C.G.S. § 7A-631 (1995)). During the adjudicatory phase, allegations of a petition alleging that a juvenile is delinquent shall be proven beyond a reasonable doubt. N.C.G.S. § 7A-635 (1995) (repealed 1 July 1999); *see also,* N.C.G.S. § 7B-2409 (1999). "If the judge finds that the allegations in the petition have been proved as provided in G.S. 7A-635 [beyond a reasonable doubt], he *shall* so state." N.C.G.S. § 7A-637 (1995) (repealed 1 July 1999) (emphasis added); *see also,* N.C.G.S. § 7B-2411 (1999). This Court has held that use of the language "shall" is a mandate to trial judges, and that failure to comply with the statutory mandate is reversible error. *In re Walker,* 83 N.C. App. 46, 47, 348 S.E.2d 823, 824 (1986); *In re Johnson,* 76 N.C. App. 159, 331 S.E.2d 756 (1985); *In re Wade,* 67 N.C. App. 708, 313 S.E.2d 862 (1984); *In re Mitchell,* 87 N.C. App. 164, 359 S.E.2d 809 (1987).

In the case *sub judice,* the State concedes, "that there is no Adjudicatory Order in the record; nor is there an adjudication reflected in the transcript originally filed with the record; nor is there an adjudication reflected in the transcript which the State had transcribed later. . . ." Likewise, our review reveals that the record is completely devoid of any order, written or oral, declaring that the allegations in the juvenile petitions were proven beyond a reasonable doubt. Consequently, we find that the trial court committed reversible

---

1. Chapter 7B, the Juvenile Code, became effective July 1, 1999, and is applicable to acts committed on or after that date.

error in failing to adjudicate the juvenile, delinquent, prior to entering disposition.

Furthermore, the absence of an order adjudicating the juvenile delinquent renders the disposition order improper. Absent an adjudication of delinquency, a trial court has no authority to order disposition. *In the Matter of Hull*, 89 N.C. App. 138, 141, 365 S.E.2d 221, 223 (1988); *see also, In the Matter of Kenyon N.*, 110 N.C. App. 294, 298, 429 S.E.2d 447, 449 (1993) (without a valid adjudication of delinquency, the trial court was without jurisdiction to commit the juvenile to the Division of Youth Services). Moreover, due process for juveniles requires a "determination of delinquency. . . ." *In the Matter of Arthur*, 27 N.C. App. 227, 229, 218 S.E.2d 869, 871, *rev'd on other grounds*, 291 N.C. 640, 231 S.E.2d 614 (1977); *In re Gault*, 387 U.S. 1, 18 L. Ed. 2d 527 (1967). As stated above, the record is completely devoid of an order adjudicating the juvenile delinquent. Therefore the disposition, which can only be entered upon an adjudication of delinquency, was improperly ordered.

This Court notes that the posture in which this appeal reached the Court is disturbing. It is incumbent upon the judge in a juvenile case to ensure that before entering a disposition an adjudication has occurred and is evident in the record. Further, both the State and defense attorney have an obligation to ensure that the record on appeal is complete so that the merits of the appeal can be addressed. This was not done here.

Accordingly, we vacate the disposition order filed 9 November 1999, and remand this matter to the trial court for adjudication and disposition consistent with this opinion.

Vacated and remanded.

Judges WALKER and SMITH concur.