IN THE MATTER OF DREMONDA EUGENE RIKARD, DOB 5/20/1987

No. COA02-1581
No. COA02-1628

(Filed 4 November 2003)

**1. Juveniles— adjudication order—notice of appeal—amend-ment—disposition—absence of jurisdiction**

Trial courts in which a juvenile was adjudicated delinquent and to which his case was transferred for disposition were divested of jurisdiction to amend the adjudication order or to proceed to disposition when no disposition had been entered within 60 days after entry of the adjudication order and the juvenile filed notice of appeal of the adjudication order pursuant to N.C.G.S. § 7B-2602.

**2. Juveniles— adjudication order—sufficiency of oral findings**

The 10 August 2001 juvenile adjudication order is remanded for correction of the written order to include the required finding

beyond a reasonable doubt that the acts alleged in the petition were true, which the court stated orally.

### 3. Juveniles— adjudication order—motion to dismiss—sufficiency of evidence

Although a juvenile contends the trial court erred in its adjudication finding the juvenile to be delinquent by failing to grant juvenile's motion to dismiss based on alleged insufficient evidence, this assignment of error is overruled because the juvenile did not renew his motion to dismiss after presenting evidence as required by N.C. R. App. P. 10(b)(3).

Appeal by juvenile from orders entered 10 August 2001 by Judge Jonathan L. Jones in Catawba County District Court and 25 January 2002 by Judge Charlie E. Brown in Rowan County District Court. Heard in the Court of Appeals 18 September 2003.

*Attorney General Roy Cooper, by Special Deputy Attorney General Gayl M. Manthei, for the State.*

*Leslie C. Rawls, for juvenile-appellant.*

CALABRIA, Judge.

Dremonda Eugene Rikard ("juvenile") appeals the 10 August 2001 adjudication order entered by Judge Jonathan L. Jones in Catawba County District Court adjudicating him a delinquent juvenile. Juvenile also appeals the 25 January 2002 disposition order entered by Judge Charlie E. Brown in Rowan County District Court ordering probation and enrollment in an outpatient treatment program. Because we find juvenile failed to preserve appellate review of his motion to dismiss, we affirm the adjudication order on this basis. We reverse and remand the adjudication order for correction of the written order to reflect the trial court's oral findings. Since we find the trial courts exceeded their statutory authority, we vacate the courts' amended adjudication order and the disposition order since both were entered during the pendency of the appeal.

On 19 February 2001, a petition was filed alleging juvenile violated N.C. Gen. Stat. § 14-202.2, indecent liberties between children. At a 6 August 2001 hearing, the court orally found "beyond reasonable doubt that the acts alleged in the petition are true." Juvenile was adjudicated a delinquent juvenile and the court ordered the case transferred to Rowan County, where juvenile resided, for disposition. The

adjudication order, filed 10 August 2001, not only lacked the court's oral finding of fact that the State had proven the case beyond a reasonable doubt, but also lacked any findings of fact regarding the acts alleged in the petition. On 10 October 2001, juvenile filed a notice of appeal.

On 16 November 2001, a Rowan County District Court judge examined the 10 August 2001 order. The court was unable to hold a disposition hearing since there was "no delinquent act to dispose of" since the 10 August 2001 order lacked the requisite written findings stating the acts alleged in the petition had been proven beyond a reasonable doubt. The case was transferred back to Catawba County to include the requisite written findings in an amended adjudication order. Thereafter, on 11 December 2001, the court in Catawba County entered an amended juvenile adjudication order finding beyond a reasonable doubt "the juvenile did commit the acts alleged in the petition, Indecent Liberties Between Minors . . ." and adjudicating him a delinquent juvenile. The case was transferred back to Rowan County for disposition. The disposition hearing was held 25 January 2002, and the court ordered juvenile to serve twelve months probation and during the probationary period to enroll in an outpatient youthful sex offenders treatment program.

Juvenile appeals asserting: (I) the Rowan County court lacked jurisdiction to transfer the case back to Catawba County for a modification of its findings of fact, and the Rowan County court lacked jurisdiction to enter a disposition order since the adjudication order was on appeal; (II) the Catawba County court erred in its adjudication by failing to grant juvenile's motion to dismiss for insufficiency of the evidence.

I. Jurisdiction after appeal

[1] When no disposition was entered within sixty days of juvenile's adjudication as delinquent, juvenile appealed the adjudication. However, neither the trial court in Rowan County nor the court in Catawba County ceased action on juvenile's case. After his appeal, they transferred the case between them, entered an amended adjudication order making necessary findings of fact, held a disposition hearing and entered a disposition order. Juvenile asserts that as of 10 October 2001, when he filed his appeal, the trial courts were divested of jurisdiction. We agree.

Our statutory law provides juveniles with a right to appeal any final orders of the court. N.C. Gen. Stat. § 7B-2602 (2001). An adjudi-

cation order may be appealed "if no disposition is made within 60 days after entry of the order. . . ." *Id.* "[W]ritten notice of appeal may be given within 70 days after such entry." *Id.* Pending disposition of the appeal, the statute directs the trial court to release the juvenile, with or without conditions, unless the court delineates, in writing, compelling reasons justifying the entry of "a temporary order affecting the custody or placement of the juvenile as the court finds to be in the best interests of the juvenile or the State." N.C. Gen. Stat. § 7B-2605 (2001). Following "the affirmation of the order of adjudication or disposition of the court by the Court of Appeals . . . the court shall have the authority to modify or alter the original order . . . ." N.C. Gen. Stat. § 7B-2606 (2001). Accordingly, nothing in the statute permits the trial court to modify the order or proceed to disposition during the pendency of the appeal of an adjudicatory order.

Nevertheless, the State asserts this Court's holding in *In re Huber*, 57 N.C. App. 453, 291 S.E.2d 916 (1982) is controlling. In *Huber*, during the pendency of an appeal, a district court ordered the removal of a neglected child from her mother's custody. *Huber*, 57 N.C. App. at 455-56, 291 S.E.2d at 918. The controlling statute, nearly identical to the statute in the case at bar, permitted the district court to issue "temporary orders affecting the custody or placement of the juvenile as the judge determines to be in the best interest of the juvenile or the state." *Id.*, 57 N.C. App. at 459, 291 S.E.2d at 920 (citing N.C. Gen. Stat. § 7A-668 (1980)). Accordingly, this Court upheld the district court's custody order. *Id.*

In both *Huber* and the case at bar, the statute provided for action by the district court to affect the juvenile's custody or placement. The difference between *Huber* and the case at bar is manifest. In *Huber* the court acted pursuant to statutory authority; in the case at bar, the court exceeded its authority. The trial courts here transferred the case between them, entered an amended adjudication order and also entered a disposition order. The State argues that even if the other orders were improper, the disposition order required probation, which, they assert, is a derivative of custody, and therefore that order was proper under the statute. We disagree. Even assuming *arguendo* that the statutory language "custody or placement" includes an order for probation, the disposition order relied on the other invalid orders of the trial court, and the disposition order did not comply with the statutory directive requiring compelling reasons in writing from the court justifying its actions and applying best interests analysis. Accordingly, we find the

trial court's orders, entered after juvenile appealed, exceeded its statutory authority under N.C. Gen. Stat. § 7B-2605, and therefore must be vacated.

## II. The Original Adjudication Order

[2] Our analysis of the trial courts' actions exceeding their jurisdiction squarely raises the issue of the effect of the 10 August 2001 written adjudication order that did not contain the required findings of fact. Our statute requires that "[i]f the court finds that the allegations in the petition have been proven as provided in G.S. 7B-2409, the court shall so state." N.C. Gen. Stat. § 7B-2411 (2001). Moreover, "[t]his Court has held that use of the language 'shall' is a mandate to trial judges, and that failure to comply with the statutory mandate is reversible error." *In re Eades*, 143 N.C. App. 712, 713, 547 S.E.2d 146, 147 (2001). The question presented here is whether a trial court's oral findings suffice even though they are omitted from the written order. We hold oral findings suffice, but the written order must be corrected so the record reflects the finding.

Our statute requires a judge to "state" the finding that the allegations in the petition have been proven beyond a reasonable doubt in order to adjudicate a child as a delinquent. N.C. Gen. Stat. § 7B-2411. There is no requirement that the finding must be in writing. We implied in *Eades* that "any order, written or oral" making the required finding would suffice. *Eades*, 143 N.C. App. at 713, 547 S.E.2d at 148. Moreover, we have previously held a court's failure to make the finding orally at the time of the hearing is not error where the finding was included in the written order. *In re Mitchell*, 87 N.C. App. 164, 166, 359 S.E.2d 809, 811 (1987). Finally, our statute expressly requires "[t]he dispositional order shall be in writing . . . ." N.C. Gen. Stat. § 7B-2512 (2001). Accordingly, the legislature required the necessary findings be in writing for the dispositional order but not the adjudicatory order. However, since it is incumbent that the record reflect this finding, we remand for entry of an amended written order including the court's oral finding that "beyond [a] reasonable doubt that the acts alleged in the petition are true." *See Eades*, 143 N.C. App. at 713, 547 S.E.2d at 148 (requiring a compliant adjudication be evident in the record).

[3] Since we have found the adjudication order may be corrected to include the oral finding, we must address whether or not the order should be vacated because the Catawba County court erred in failing

**IN RE RIKARD**

[161 N.C. App. 150 (2003)]

to dismiss the adjudication order due to insufficient evidence. *See In re Walker*, 83 N.C. App. 46, 348 S.E.2d 823 (1986) (addressing juvenile's assignment of error that the evidence was insufficient after determining the court failed to make the required finding of fact that the allegations in the petition have been proven). The court denied juvenile's motion to dismiss, for insufficiency of the evidence, submitted at the close of the State's evidence, and juvenile proceeded to present evidence. Juvenile did not renew his motion at the close of all the evidence. "[J]uveniles 'may challenge the sufficiency of the evidence by moving to dismiss the juvenile petition.' " *In re Heil*, 145 N.C. App. 24, 28, 550 S.E.2d 815, 819 (quoting *In re Davis*, 126 N.C. App. 64, 65-66, 483 S.E.2d 440, 441 (1997)). "If a defendant makes [a motion to dismiss for insufficient evidence] after the State has presented all its evidence and has rested its case and that motion is denied and the defendant then introduces evidence, his motion for dismissal . . . is waived." N.C.R. App. P. 10(b)(3) (2003). "Such a waiver precludes the defendant from urging the denial of such motion as a ground for appeal." *Id.* Since juvenile did not renew his motion to dismiss, this assignment of error is overruled.

Accordingly, we hold the trial court orders entered following the 10 August 2001 adjudication order were entered without jurisdiction and must be vacated. The 10 August 2001 adjudication order is reversed and remanded for correction of the written order to include the required finding which the court stated orally. The 10 August 2001 adjudication order is otherwise affirmed.

Vacated in part, reversed and remanded in part, affirmed in part.

Judges McGEE and HUNTER concur.

---

1. Since the State did not hold a dispositional hearing within 60 days of the 10 August 2001 adjudication order, the juvenile had a right to appeal this order. To remand the order without considering its validity would be inconsistent with juvenile's appeal of the adjudication order. Accordingly, we properly consider juvenile's assignment of error with respect to the 10 August 2001 adjudication order.