ELMORE, Judge.
Respondent, a fifteen year old boy, had been having discipline problems at school. His stepfather warned him if he got "[o]ne more phone call, you [sic] getting your corn rows cut off." Two days later, the stepfather received a phone call from another teacher that respondent was "disrespecting her and her class." Accordingly, he told respondent that he would be taking him to get his hair cut. However, when he took respondent to the barber shop, respondent had failed to loosen the plaits so his hair could not be cut.
On 5 September 2003, the day of the assault, the stepfather decided to discipline respondent by spanking him. The stepfather took off his belt to spank respondent. As he went to spankrespondent, respondent reached around and grabbed his stepfather's arm. The stepfather testified that respondent scratched him, and when he saw he had been scratched, he started spanking respondent. He stated that "I had to wrestle him down. He wanted to fight. We wrestling around." Eventually, respondent got up, ran out the door and went to the police. Due to a mark on respondent's face, the stepfather was charged with misdemeanor child abuse. Respondent testified in his own defense and denied scratching his stepfather or trying to get away from him.
On 22 September 2003, a juvenile petition was filed alleging that respondent had assaulted his stepfather "by fighting with him and scratching his left arm." A hearing was held on the matter on 23 October 2003. On 9 December 2003, respondent was adjudicated a delinquent juvenile for committing the charged offense. Specifically, the trial court stated that respondent had assaulted and struck his stepfather "by fighting with him and scratching his left arm." A Level 2 disposition order was entered placing respondent on probation for one year. Respondent appeals.
Respondent first argues that there was a material variance between the conduct alleged in the petition and the conduct for which he was adjudicated delinquent. Respondent contends that the scratching of the arm was the misconduct for which the petition was filed, and the trial court concluded it was accidental. Instead, respondent asserts that the trial court erroneously adjudicated him delinquent for grabbing his stepfather, conduct not alleged in the petition. Accordingly, respondent argues that the petition shouldhave been dismissed.
After careful review of the record, briefs and contentions of the parties, we affirm. This Court has stated:
An indictment must set forth each of the essential elements of the offense. Allegations beyond the essential elements of the offense are irrelevant and may be treated as surplusage and disregarded when testing the sufficiency of the indictment. To require dismissal any variance must be material and substantial and involve an essential element.
State v. Pelham, ___ N.C. App. ___, ___, 595 S.E.2d 197, 203, (2004) (citations omitted). Furthermore, "[i]t is only `where the evidence tends to show the commission of an offense not charged in the indictment [that] there is a fatal variance between the allegations and the proof requiring dismissal.'" State v. Poole, 154 N.C. App. 419, 423, 572 S.E.2d 433, 436 (2002)(quoting State v. Williams, 303 N.C. 507, 510, 279 S.E.2d 592, 594 (1981)), cert. denied, 356 N.C. 689, 578 S.E.2d 589 (2003).
In the instant case, the petition alleged that respondent assaulted his stepfather by "fighting with him and scratching his left arm." There was substantial evidence that respondent fought with his stepfather in accordance with the petition. His stepfather testified that respondent grabbed his arm and "wanted to fight." The stepfather further testified that he had to wrestle respondent to the ground; grabbing and wrestling are in the nature of fighting. Thus, there was no variance between the allegation in the petition and the proof adduced at trial. Although the trial court found that the scratching was accidental, it was incidental to the fighting. Accordingly, the assignment of error isoverruled.
Respondent next argues that the trial court failed to find beyond a reasonable doubt that he assaulted his stepfather in accordance with N.C. Gen. Stat. § 7B-2411. Respondent contends that the trial court was required to specifically state that it had found "beyond a reasonable doubt" that the allegations in the petition had been proved.
We find no error. N.C. Gen. Stat. § 7B-2411 "requires a judge to `state' the finding that the allegations in the petition have been proven beyond a reasonable doubt in order to adjudicate a child as a delinquent." In re Rikard, 161 N.C. App. 150, 154, 587 S.E.2d 467, 469 (2003) (citing N.C. Gen. Stat. § 7B-2411 (2003)). Respondent argues that the trial court failed to comply with N.C. Gen. Stat. § 7B-2411 by failing to state in open court that the allegations had been proven beyond a reasonable doubt. However, "we have previously held a court's failure to make the finding orally at the time of the hearing is not error where the finding was included in the written order." Rikard, 161 N.C. App. at 154, 587 S.E.2d at 469 (citing In re Mitchell, 87 N.C. App. 164, 166, 359 S.E.2d 809, 811 (1987)). In the instant case, the adjudicatory order states that the following fact has been proven beyond a reasonable doubt:
Assault and Strike . . . [stepfather] by fighting with him and scratching his left arm in violation of General Statute 14-33(a)
Thus, we conclude the trial court complied with N.C. Gen. Stat. § 7B-2411. Affirmed.
Judges HUNTER and STEELMAN concur.
Report per Rule 30(e).