IN THE MATTER OF K.H.

No. COA12-1253

Filed 16 April 2013

**Juveniles—delinquency—dispositional order—failure to consider risk and needs assessment— harmless error**

Although the trial court erred in a juvenile delinquency case by entering a disposition order without receiving or considering the risk and needs assessments, respondent juvenile failed to show prejudice caused by the error.

Appeal by Respondent from order entered 13 March 2012 by Judge Regan A. Miller in Mecklenburg County Superior Court. Heard in the Court of Appeals 28 February 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Josephine N. Tetteh, for the State.*

*Jon W. Myers, for Respondent.*

DILLON, Judge.

The juvenile, E.K.H. (Respondent), appeals from a level three dispositional order placing Respondent in a youth development center, challenging the failure of the trial court to receive and consider Respondent's risk and needs assessments as mandated by N.C. Gen. Stat. § 7B-2413 (2011). We conclude the trial court erred. However, as Respondent has failed to carry his burden of showing any prejudice by the error, we affirm the dispositional order of the trial court.

The evidence of record tends to show the following: On 27 November 2011, four individuals, including Respondent, entered the home of Ernesto Perez (Perez) without permission and demanded money from Perez. At the time, Respondent was on probation.

On 23 January 2012, Respondent entered an admission to the charge of common law robbery. Hearings were held on 23 January 2012 and 6 March 2012. At the second hearing, the trial court ordered that Respondent be committed to the Division of Juvenile Justice for placement in a youth development center for an indefinite commitment not to exceed his eighteenth birthday, a level three disposition. From this dispositional order, Respondent appeals.

## I: Risk and Needs Assessment

Respondent's sole argument on appeal is that the trial court erred by entering a dispositional order without receiving or considering the risk and needs assessments, or in the alternative, without making findings of fact that the risk and needs assessments were not necessary in violation of N.C. Gen. Stat. § 7B-2413. While we agree that the trial court erred by entering a dispositional order without receiving or considering the risk and needs assessments, we conclude that Respondent was not prejudiced by the error.

"On appeal, we will not disturb a trial court's ruling regarding a juvenile's disposition absent an abuse of discretion, which occurs when the trial court's ruling is so arbitrary that it could not have been the result of a reasoned decision." *In re J.B.*, 172 N.C. App. 747, 751, 616 S.E.2d 385, 387, *aff'd*, 360 N.C. 165, 622 S.E.2d 495 (2005) (citation and quotation marks omitted).

**IN RE K.H.**

[226 N.C. App. 448 (2013)]

N.C. Gen. Stat. § 7B-2413 (2011), provides the following:

> The court shall proceed to the dispositional hearing upon receipt of the predisposition report. A risk and needs assessment, containing information regarding the juvenile's social, medical, psychiatric, psychological, and educational history, as well as any factors indicating the probability of the juvenile committing further delinquent acts, shall be conducted for the juvenile and shall be attached to the predisposition report. In cases where no predisposition report is available and the court makes a written finding that a report is not needed, the court may proceed with the dispositional hearing. . . .

*Id.* "This Court has held that use of the language 'shall' is a mandate to trial judges[.]" *In re Eades*, 143 N.C. App. 712, 713, 547 S.E.2d 146, 147 (2001) (citations omitted).

As a preliminary matter, we note that Respondent did not object to the lack of the risk and needs assessments at the disposition hearing. "As a general rule, [a] defendant's failure to object to alleged errors by the trial court operates to preclude raising the error on appeal." *State v. Ashe*, 314 N.C. 28, 39, 331 S.E.2d 652, 659 (1985) (citations omitted). However, "[w]hen a trial court acts contrary to a statutory mandate, the right to appeal the court's action is preserved, notwithstanding the failure of the appealing party to object at trial." *State v. Golphin*, 352 N.C. 364, 411, 533 S.E.2d 168, 202 (2000) (quotation marks omitted).

In the case *sub judice*, the court received and considered the predisposition report. *See* N.C. Gen. Stat. § 7B-2413. However, neither the risk assessment nor the needs assessment was attached to the predisposition report.[1] The disposition and commitment order further reflects that while the trial court "received and considered" the predisposition report, it neither received nor considered the risk and needs assessments. There is no other indication in the record that the trial court either received or considered the risk and needs assessments. The trial court, therefore, violated N.C. Gen. Stat. § 7B-2413, which mandates that the risk and needs assessments "*shall* be conducted for the juvenile

---

1. The transcript reveals that Respondent "and his mother did complete the comprehensive clinical assessment[,]" and "[t]he recommendations from the assessment were that [Respondent] . . . be placed out of home." However, the transcript is otherwise silent with regard to any risk or needs assessments.

**IN RE K.H.**

[226 N.C. App. 448 (2013)]

and *shall* be attached to the predisposition report[,]"[2] when it entered a dispositional order without receiving or considering the risk and needs assessments. *Id.* (emphasis added).

Not every statutory violation, however, is grounds for reversal. Under N.C. Gen. Stat. § 15A-1443 (2011), Respondent is prejudiced by errors other than constitutional errors "when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." *Id.* "The burden of showing such prejudice under this subsection is upon the [respondent]." *Id.*

In the case *sub judice*, although Respondent argues in his brief that "the trial court committed reversible error by conducting his dispositional hearing without receiving a risk and needs assessment and without making the required findings of fact that such a report was not necessary pursuant to N.C. Gen. Stat. § 7B-2413," Respondent fails to articulate any specific prejudice from the trial court's conducting the disposition hearing without the benefit of the risk and needs assessments. Moreover, a report by Sherri McGruder (McGruder), of the Department of Juvenile Justice, was received and considered by the trial court in this case. It is not clear in the record on appeal whether this report was the "predisposition report[.]" *See* N.C. Gen. Stat. § 7B-2413. However, the report states, "[t]o be used for [d]isposition [p]urposes [o]nly," and the report contains much of the information contemplated by N.C. Gen. Stat. § 7B-2413. The report includes information regarding Respondent's court history, which consists of thirteen total offenses, nine of which were dismissed, three of which were adjudicated, and one – the common law robbery offense that is the subject of the dispositional order in the case *sub judice* – which the report notates, "[p]ending." The report contains additional information regarding Respondent's "social, medical, psychiatric, psychological, and educational history[,]" *see* N.C.

---

2. We note that the trial court did not make a finding of fact that the risk and needs assessments were not necessary. However, because we conclude that Respondent has failed to show any prejudice by the trial court's failure to receive and consider the risk and needs assessments, we do not reach the question of whether the trial court's failure to make findings of fact was error. N.C. Gen. Stat. § 7B-2413 mandates that the risk and needs assessments "*shall be conducted for the juvenile and shall be attached to the predisposition report[,]*" and N.C. Gen. Stat. § 7B-2413 further requires that "[i]n cases where no *predisposition* report is available and the court makes a written finding that a report is not needed, the court may proceed with the dispositional hearing[.]" *Id.* (emphasis added). However, N.C. Gen. Stat. § 7B-2413 is silent as to any requirement for findings of fact with regard to an unavailability of the risk and needs assessments. The statute only mandates that the assessments be "*conducted*" and "*attached*[.]" *Id.* (emphasis added).

Gen. Stat. § 7B-2413, including Respondent's psychiatric diagnoses and prescriptions, Respondent's behavior in his home, Respondent's behavior at school, Respondent's involvement in a neighborhood gang called the "Piru Crips" Bloods, and Respondent's suspensions from school for "using profanity towards his teacher and walking out of class[,]" and for "tripping a young lady[.]" The report also contains some indication of "the probability of the juvenile committing further delinquent acts[,]" *see* N.C. Gen. Stat. § 7B-2413, including a social worker's comment that "[d]uring the time that I have worked with [Respondent,] his charges have become more serious and dangerous[,]" and "[h]e is a danger to himself and the community[,]" and Respondent's mother's "feel[ing] that once [Respondent] is kicked out of placement[,] he will be back home doing the same things."

In light of the information that *is* contained in the record in this case in McGruder's report, and in light of the complete absence of any argument by Respondent in his brief as to how the lack of the risk and needs assessments has prejudiced him, we hold that the trial court's error – entering a dispositional order without first receiving and considering risk and needs assessments – was harmless.

AFFIRMED.

Judge STEPHENS and Judge STROUD concur.