An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-117

NORTH CAROLINA COURT OF APPEALS

Filed: 19 August 2014

IN THE MATTER OF:

Randolph County
No. 13 JB 23

J.D.G.

Appeal by juvenile from adjudication and disposition order entered 22 August 2013 by Judge Don W. Creed, Jr., in Randolph County District Court. Heard in the Court of Appeals 4 August 2014.

> *Attorney General Roy Cooper, by Associate Attorney General Laura Askins, for the State.*

> *Peter Wood for respondent-appellant.*

ERVIN, Judge.

Juvenile J.D.G.[1] appeals from an order adjudicating him to be a delinquent juvenile based upon a determination that he had committed the offense of disorderly conduct and placing him on juvenile probation. On appeal, Jerome contends that the failure of his trial counsel to renew his motion to have the juvenile

---

[1] J.D.G. will be referred to throughout the remainder of this opinion as Jerome, a pseudonym used for ease of reading and to protect the juvenile's privacy.

petition alleging that he should be adjudicated a delinquent juvenile for committing the offense of disorderly conduct dismissed for insufficiency of the evidence constituted ineffective assistance of counsel. After careful consideration of Jerome's challenge to the trial court's orders in light of the record and the applicable law, we conclude that the trial court's orders should be affirmed.

## I. Factual Background

## A. Substantive Facts

## 1. State's Evidence

At approximately 8:50 p.m. on 15 December 2012, Officer Robert Coble, the assistant security director at the Randolph Mall, observed Jerome outside the main entrance of the mall. At that time, Jerome was pacing back and forth and talking in a very loud voice near several mall patrons. As he paced, Jerome seemed to be very agitated and could be heard saying, "don't be touching me." At least one family that had been walking toward the mall had to take a different route because Jerome "was creating such a scene."

As a result of the fact that Jerome failed to calm down in response to a request from Officer Coble that he do so, Officer Coble asked two police officers who were assigned to the mall to escort Jerome to the mall's security office. Jerome yelled "F--

- you" several times at Officer Coble and started to walk away as the officers approached him. At that time, the officers attempted to obtain contact information for his parents from Jerome. After Jerome "juke[d]" towards one of the officers in a "very provocative action[,]" Jerome was handcuffed and placed under arrest.

## 2. Juvenile's Evidence

Jerome was waiting for his ride home from the mall and did not intend to provoke the mall's security guards. Instead, Jerome walked away from the mall because his ride was waiting for him at a nearby fast food restaurant.

## B. Procedural History

On 8 February 2013, the State filed juvenile petitions alleging that Jerome should be adjudicated a delinquent juvenile for committing the offenses of disorderly conduct and resisting, delaying, and obstructing a public officer. On 26 March 2013, the 8 February 2013 petitions were dismissed by the trial court at the State's request.

On 12 April 2013, the State filed juvenile petitions alleging that Jerome should be adjudicated a delinquent juvenile on the grounds that he had committed the offenses of disorderly conduct and resisting, delaying, and obstructing a public officer. The 12 April 2013 petitions came on for hearing before

the trial court at the 5 August 2013 juvenile session of the Randolph County District Court. Although Jerome's trial counsel moved to dismiss the petitions for insufficiency of the evidence at the conclusion of the State's case, he failed to renew the dismissal motion at the close of all of the evidence. At the conclusion of the adjudication hearing, the trial court determined that Jerome should be adjudicated to be a delinquent juvenile for committing the offense of disorderly conduct, determined that Jerome should not be adjudicated to be a delinquent juvenile for committing the offense of resisting, delaying, and obstructing an officer, and entered an order placing Jerome on juvenile probation for a period of nine months on the condition that he abide by the rules set by his court counselor and his parents, including compliance with a curfew; attend school on a regular basis; maintain passing grades in all of his classes; report to the Juvenile Day Reporting Center in the event that he was expelled or suspended from school; refrain from possessing any controlled substances, alcoholic beverages, or firearm or explosive devices; submit to warrantless searches and seizures; and obtain a mental health assessment and complete any recommended treatment. Jerome noted an appeal to this Court from the trial court's adjudication and disposition orders.

## II. Substantive Legal Analysis

In his sole challenge to the trial court's orders, Jerome argues that he received ineffective assistance from his trial counsel.  More specifically, Jerome contends that his trial counsel provided him with deficient representation by failing to renew his motion to dismiss for insufficiency of the evidence at the close of all of the evidence and that, had his trial counsel made such a renewed dismissal motion, the disorderly conduct charge would have been dismissed either at trial or on appeal. Jerome is not entitled to relief from the trial court's orders on the basis of this contention.

"To prevail on a claim of ineffective assistance of counsel, a [juvenile] must first show that his counsel's performance was deficient and then that counsel's deficient performance prejudiced his defense."  *State v. Allen*, 360 N.C. 297, 316, 626 S.E.2d 271, 286, *cert. denied*, 549 U.S. 867, 127 S. Ct. 164, 166 L. Ed. 2d 116 (2006).  "Deficient performance may be established by showing that counsel's representation fell below an objective standard of reasonableness."  *Id.* (quotation marks and citations omitted).  "Generally, to establish prejudice, a [juvenile] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine

confidence in the outcome." *Id.* (quotation marks and citations omitted). "[I]f the evidence is sufficient to support a conviction, the [juvenile] is not prejudiced by his counsel's failure to make a motion to dismiss at the close of all the evidence." *State v. Fraley*, 202 N.C. App. 457, 467, 688 S.E.2d 778, 786, *disc. review denied*, 364 N.C. 243, 698 S.E.2d 660 (2010).

"Where the juvenile moves to dismiss, the . . . court must determine whether there is substantial evidence (1) of each essential element of the offense charged, . . . and (2) of [the juvenile's] being the perpetrator of such offense." *In re Heil*, 145 N.C. App. 24, 28, 550 S.E.2d 815, 819 (2001) (citation and quotation marks omitted). "The evidence must be such that, when it is viewed in the light most favorable to the State, it is sufficient to raise more than a suspicion or possibility of the respondent's guilt." *In re Walker*, 83 N.C. App. 46, 48, 348 S.E.2d 823, 824 (1986). As a result, in order to establish that he is entitled to relief from the trial court's order on ineffective assistance of counsel grounds, Jerome must establish that the record did not contain substantial evidence tending to show that he had committed the offense of disorderly conduct.

According to N.C. Gen. Stat. § 14-288.4(a)(2):

> (a) Disorderly conduct is a public disturbance intentionally caused by any person who does any of the following:
>
> . . . .
>
>> (2) Makes or uses any utterance, gesture, display or abusive language which is intended and plainly likely to provoke violent retaliation and thereby cause a breach of the peace.

According to the record developed in the court below, Jerome spoke using an elevated voice level as he paced outside the mall entrance, yelled obscenities at the mall security officer, and made threatening gestures toward police officers. Such evidence is more than sufficient to support the trial court's decision to adjudicate Jerome to be a delinquent juvenile for committing the offense of disorderly conduct. As a result, since any renewed dismissal motion that Jerome's trial counsel might have made for the purpose of challenging the sufficiency of the evidence to support a determination that Jerome had committed the offense of disorderly conduct should have been denied, Jerome has not shown that he was prejudiced by the failure of his trial counsel to make a renewed dismissal motion at the conclusion of all of the evidence.

## III. Conclusion

Thus, for the reasons set forth above, Jerome's challenge to the trial court's adjudication and disposition orders lacks

merit. As a result, the trial court's adjudication and disposition orders should be, and hereby are, affirmed.

AFFIRMED.

Judges ROBERT C. HUNTER and STEPHENS concur.

Report per Rule 30(e).