An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 24-763

Filed 2 July 2025

Scotland County, No. 24JB000001-820

In re: Z.G.

Appeal by juvenile from an order entered 15 March 2024 by Judge Chevonne R. Wallace in Scotland County District Court. Heard in the Court of Appeals 10 April 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Janelle E. Varley, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Aaron Thomas Johnson, for juvenile-appellant.*

DILLON, Chief Judge.

## I.    Background

In January 2024, Zane[1] had three juvenile delinquency petitions filed against him: (1) violation of a domestic violence protection order, (2) committing injury to personal property, and (3) communicating threats. Zane's case was heard 1 March 2024 in Scotland County District Court. The trial court dismissed the charges for

---

[1] A pseudonym.

communicating threats and committing injury to personal property but found Zane responsible for violating a DVPO and entered an order adjudicating him delinquent for the offense. After another hearing held on 15 March 2024, the trial court entered a Level 1 disposition and ordered Zane to complete six months of supervised probation. Zane timely appealed.

## II.    Analysis

The juvenile-appellant makes two arguments on appeal.

First, the juvenile contends the trial court lacked authority to enter the disposition order on 15 March 2024 because the *adjudication* order (adjudicating the juvenile to be delinquent) had not yet been entered. Indeed, the adjudication order was signed by the judge two days prior, on 13 March 2024, but was not filed with the clerk until 18 March 2024, three days after the disposition order was entered.

It is true that an order is not deemed entered until it is signed by the judge and filed with the clerk. *See* N.C.G.S. § 1A-1, Rule 58 (2023). However, we conclude that the trial court had the authority to enter a disposition order as the trial court had made a determination of delinquency. *See In re Eades*, 143 N.C. App. 712, 713 – 14 (2001). Unlike in *Eades*, the record before us shows that the trial court made a determination of delinquency prior to entering its disposition order. Indeed, the record shows the adjudication order as being signed by the judge two days prior to entering her disposition order. And in the disposition order, the trial court states that it had previously determined the juvenile to be delinquent, stating the reason

for that determination. We note, though, that it is the better practice that the adjudication order be fully entered pursuant to Rule 58 prior to the entry of the disposition order.

Second, the juvenile contends the trial court committed error by failing to make express written findings regarding all the factors listed in N.C.G.S. § 7B-2501(c) in the disposition order.

The statute in question requires that the trial court *consider* the following:

> (1) The seriousness of the offense;
>
> (2) The need to hold the juvenile accountable;
>
> (3) The importance of protecting the public safety;
>
> (4) The degree of culpability indicated by the circumstances of the particular case; and
>
> (5) The rehabilitative and treatment needs of the juvenile indicated by a risk and needs assessment.

*Id*. And it appears from the record that the trial court did consider these statutory factors. For instance, the trial court expressly stated in the order that it accepted and considered a family data sheet, risk and needs assessment, disposition tally sheet, and public safety when drafting the order. We conclude that the trial court adequately followed the relevant statute.

AFFIRMED.

Judges TYSON and GORE concur.

Report per Rule 30(e).