IN THE MATTER OF TONY VENSEN RILEY, JUVENILE

No. 8214DC634

(Filed 19 April 1983)

Infants § 17— juvenile proceeding—custodial statement—necessity for findings

The trial court in a juvenile delinquency proceeding erred in admitting a statement made by the juvenile during custodial interrogation without first making findings as required by G.S. 7A-595(d) that the juvenile knowingly, willingly and understandingly waived his rights.

APPEAL by respondent from *LaBarre, Judge.* Juvenile disposition order entered 6 April 1982 in District Court, DURHAM County. Heard in the Court of Appeals 10 January 1983.

---

**Schmitt v. Schmitt**

---

*Attorney General Edmisten, by Special Deputy Attorney General Isham B. Hudson, Jr., for the State.*

*Lipton and Mills, by William S. Mills, for defendant appellant.*

VAUGHN, Chief Judge.

This juvenile proceeding was heard on a petition alleging that the juvenile was delinquent in that he was guilty of felonious breaking and entering.

Over respondent's objections, the State was allowed to offer evidence of a statement made by respondent during custodial interrogation. The statement was received without any findings as to whether the respondent had waived his rights.

G.S. 7A-595 sets out mandatory procedures which must be followed when a juvenile is interrogated by a law enforcement officer. G.S. 7A-595(d) provides: "Before admitting any statement resulting from custodial interrogation into evidence, the judge *must* find that the juvenile knowingly, willingly, and understandingly waived his rights." (Emphasis added.) The statute clearly provides that before any statement flowing from custodial interrogation is admitted the judge must make the required findings. Since this was not done the order is reversed, and the case is remanded for a new hearing.

Reversed and remanded.

Judges WELLS and BRASWELL concur.