IN THE MATTER OF REGINALD LEE WADE, JUVENILE

No. 839DC1047

(Filed 17 April 1984)

1. Infants § 17— admission of confession by juvenile—failure to make findings

The trial court in a juvenile delinquency proceeding erred in admitting a statement made by the juvenile during custodial interrogation without making specific findings of fact as to whether the juvenile knowingly, willingly and understandingly waived the rights accorded him by G.S. 7A-595(d).

2. Infants § 20— determination of delinquency—failure to state standard of proof —insufficient evidence

The trial court erred in adjudicating respondent a delinquent child without affirmatively stating that the allegations of the juvenile petition had been proved beyond a reasonable doubt. Furthermore, the trial court's findings of fact were not sufficient to sustain the court's conclusion that respondent committed the crimes of breaking and entering and larceny.

APPEAL by respondent from *Wilkinson, Judge.* Order entered 18 April 1983 in District Court, PERSON County. Heard in the Court of Appeals 10 April 1984.

Respondent Reginald Lee Wade was adjudicated a delinquent child upon a finding by the district court that he had willfully and feloniously broken into and entered a building and stole and carried away merchandise having a value of $200.00.

At the adjudication hearing the State offered evidence which tended to show that on 3 December 1982 an unauthorized entry was made into the Western Auto Store of Roxboro, N.C. The perpetrators removed from the premises a cassette player, a clock radio, a cassette radio, a toy airplane, a digital clock, and some batteries. The investigating officer, David Ramsey, visited the scene and observed: a broken window, a rock on the floor, and broken display cases.

Respondent was interrogated on 27 December 1982. After an initial denial of involvement in the break-in, respondent made a formal statement admitting guilt. This statement was admitted into evidence after voir dire was held to determine whether it was knowingly, willingly, and understandingly given. The State's evidence consisted of the testimony of Marvin Green, alleged co-

perpetrator, and Officer David Ramsey. Respondent offered evidence during voir dire only.

At the close of all the evidence, the court found respondent to be delinquent and committed him to the Division of Youth Services for an indefinite term not to exceed his eighteenth birthday. From this order respondent appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Jane Rankin Thompson, for the State.*

*Jackson & Hicks, by Alan S. Hicks, for respondent.*

HEDRICK, Judge.

[1] Respondent first contends that the trial court erred by failing to suppress the inculpatory statement made by him during an in-custody interrogation. He contends that his statement was not voluntarily given, that he was not advised of his right to have a parent present, and he was not advised of his right to counsel.

During the proceedings, the trial judge conducted a voir dire hearing to determine whether respondent had knowingly, willingly, and understandingly waived his rights. Officer Ramsey testified that he read respondent his juvenile rights, that respondent indicated he understood them, and that respondent "signed an adult waiver form because we did not have any juvenile rights forms at that time. . . ." Respondent, on the other hand, testified that, ". . . Mr. Ramsey read my rights off a sheet of paper, but I did not hear anything about a parent coming with me. . . . I gave him a written statement because he kept pressuring me. I knew what to tell him because he told me everything that happened."

After voir dire, the trial judge, without making findings of fact, admitted the challenged statement into evidence.

Although juvenile proceedings are not criminal prosecutions, due process rights attach when the violation complained of places the juvenile in danger of confinement. *In re Vinson,* 298 N.C. 640, 652, 260 S.E. 2d 591, 599 (1979). *In re Johnson,* 32 N.C. App. 492, 493, 232 S.E. 2d 486, 488 (1977). In addition to their constitutional rights, juveniles have been granted additional rights by our state legislature. N.C. Gen. Stat. Sec. 7A-595 states in pertinent part that:

(a) Any juvenile in custody must be advised prior to questioning:

. . .

(3) That he has a right to have a parent, guardian or custodian present during questioning; . . .

(4) That he has a right to consult with an attorney and that one will be appointed for him if he is not represented and wants representation.

. . .

(d) Before admitting any statement resulting from custodial interrogation into evidence, the judge must find that the juvenile knowingly, willingly, and understandingly waived his rights.

Section 7A-595(d) of this statute "clearly provides that before *any* statement flowing from custodial interrogation is admitted the judge *must* make the required findings." (Emphasis added.) *In re Riley*, 61 N.C. App. 749, 750, 301 S.E. 2d 750, 751 (1983). Prior to the enactment of Sec. 7A-595(d), the courts of this State enunciated well established precepts regarding the admissibility of challenged confessions. Our Supreme Court stated in *State v. Lynch*, 279 N.C. 1, 181 S.E. 2d 561 (1971):

[i]f, on *voir dire*, there is conflicting testimony bearing on the admissibility of a confession, it is error for the judge to admit it upon a mere statement of his conclusion that the confession was freely and voluntarily made. In such a situation the judge must make specific findings so that the appellate court can determine whether the facts found will support his conclusions.

*Id.* at 14-15, 181 S.E. 2d at 570. *Accord State v. Riddick*, 291 N.C. 399, 408, 230 S.E. 2d 506, 512 (1976). *State v. Silver*, 286 N.C. 709, 720, 213 S.E. 2d 247, 254 (1975). When, as in this case, no findings or conclusions were made prior to admitting the challenged confession, it is error for the trial judge to admit the confession without making specific findings of fact. *In re Riley*, 61 N.C. App. 749, 750, 301 S.E. 2d 750, 751 (1983). G.S. Sec. 7A-595(d).

[2]   Respondent further assigns as error, the trial court's failure to find facts sufficient to support its determination of delinquency. He argues that the trial judge's failure to state the standard of proof used in making the determination of delinquency constitutes reversible error. The court found as follows:

Facts

Upon evidence of Detective David Ramsey: That on or about the 3rd day of December 1982 at 2:00 a.m. the delinquent child Reginald Lee Wade and Marvin Green went to the side entrance (Depot Street) of Western Auto Store threw a rock through the top window on the side entrance, and gained entrance to the store. Two glass show cases inside the store were broken and merchandise was missing. Damages to broken glass and merchandise $200.00.

Prior to the establishment of a statutory quantum of proof in juvenile proceedings, our Supreme Court stated that, "the better practice dictates that the judge's order recite affirmatively that the findings are made beyond a reasonable doubt." *In re Walker,* 282 N.C. 28, 41, 191 S.E. 2d 702, 711 (1972). Since *Walker* our legislature has enacted Secs. 7A-635 and -637 of the Juvenile Code. N.C. Gen. Stat. Sec. 7A-637 states in pertinent part that, "If the judge finds that the allegations in the petition have been proved as provided in G.S. Sec. 7A-635 [beyond a reasonable doubt], he shall so state." The statutory use of "shall" is a mandate to trial judges requiring them to affirmatively state that the allegations of the juvenile petition are proved beyond a reasonable doubt. Failure to follow the mandate of the statute is error.

Respondent also argues that the facts as found do not support the court's conclusion that respondent committed the crimes of breaking and entering and larceny. The foregoing findings of fact which represent all the facts as found by the court are not sufficient to sustain the court's conclusion that respondent committed the crimes of breaking and entering and larceny.

For the reasons stated, the decision of the trial court is

Reversed.

Judges ARNOLD and PHILLIPS concur.