IN THE MATTER OF HERMAN LEE YOUNG

No. 8520DC791

(Filed 17 December 1985)

**Infants § 17— juvenile proceeding—admissibility of confession—presence of parent or guardian—absence of finding**

The confession of a twelve-year-old respondent was improperly admitted in a juvenile delinquency proceeding where the court made no factual finding that the confession itself was made in the presence of respondent's parent, guardian, custodian or attorney as required by N.C.G.S. 7A-595(b). The trial court's statement that respondent "together with his mother knew what they were doing" related only to respondent's waiver of his rights and did not constitute a factual finding on the question of compliance with N.C.G.S. 7A-595(b), and the cause must be remanded for a finding on compliance with the statute.

APPEAL by juvenile respondent from *Burris, Judge.* Disposition order entered 19 March 1985 in District Court, UNION County. Heard in the Court of Appeals 20 November 1985.

Juvenile petitions alleged that respondent, age twelve, is delinquent as defined in N.C. Gen. Stat. 7A-517(12) in that he (1) feloniously broke and entered a residence with intent to commit a felony therein, and (2) feloniously and with intent to kill assaulted an occupant of the residence with a deadly weapon inflicting serious injury. The court found that respondent was delinquent and ordered him committed to training school for a period not to exceed his eighteenth birthday.

Respondent appeals.

*Attorney General Thornburg, by Assistant Attorney General Robert E. Cansler, for the State.*

*Joe P. McCollum, Jr., for respondent appellant.*

WHICHARD, Judge.

The State presented evidence of a statement made by respondent during custodial interrogation. N.C. Gen. Stat. 7A-595(b) provides: "When the juvenile is less than 14 years of age, no in-custody admission or confession resulting from interrogation may be admitted into evidence unless the confession or admission was made in the presence of the juvenile's parent, guardian, custo-

dian, or attorney." The record contains no finding as to compliance with this provision.

The court did make the following statement: "The next point, whether or not there was a waiver, which was knowingly, intelligently, understandingly and voluntarily made, got my attention but I am satisfied by the evidence according to the required standard that he together with his mother knew what they were doing." This statement, however, relates only to respondent's waiver of his rights. *See* N.C. Gen. Stat. 7A-595(d); *In re Riley*, 61 N.C. App. 749, 301 S.E. 2d 750 (1983). It contains nothing that can be construed as a factual finding that the confession itself was made in the presence of respondent's parent, guardian, custodian or attorney as required by N.C. Gen. Stat. 7A-595(b).

We thus remand for a finding on compliance with N.C. Gen. Stat. 7A-595(b).

Remanded.

Chief Judge HEDRICK and Judge JOHNSON concur.