IN RE: JULIUS DEVON EWING A JUVENILE

No. 8614DC688

(Filed 16 December 1986)

**Infants § 17— juvenile's confession—waiver of rights by mother**

  The trial court's finding that respondent juvenile's mother knowingly and understandingly waived respondent's juvenile rights was not equivalent to a finding that respondent knowingly and understandingly waived his rights, and the trial court erred in admitting respondent's inculpatory statement without first finding that respondent waived his juvenile rights.

APPEAL by respondent from *LaBarre, Judge*. Order entered 31 January 1986 in District Court, DURHAM County. Heard in the Court of Appeals 8 December 1986.

A juvenile petition was filed on or about 22 October 1985 alleging that the respondent was delinquent as defined by G.S. 7A-517(12) in that he unlawfully and willfully took and carried away a cap gun, caps, a transformer "motorcycle" and a hot wheel car belonging to Rose's Department Store in violation of G.S. 14-70 and 72(a). Respondent was 10 years old at the time.

After a hearing, the trial court adjudicated respondent delinquent and ordered that he be placed in North Carolina Memorial Hospital in Chapel Hill, North Carolina, for psychiatric treatment for an indefinite period of time. Respondent appealed.

*Attorney General Thornburg by Assistant Attorney General Jane Rankin Thompson for the State.*

*Fowler & Baldasare, by Thomas L. Fowler for respondent.*

EAGLES, Judge.

Respondent contends that the trial court erred in failing to suppress the inculpatory statement made by him during custodial interrogation. We agree.

G.S. 7A-595 governs the procedures which must be followed when a juvenile is interrogated. G.S. 7A-595(d) provides:

> Before admitting any statement resulting from custodial interrogation into evidence, the judge must find that the juvenile knowingly, willingly, and understandingly waived his rights.

Clearly, the statute requires the trial court to find as a fact that the juvenile knowingly, willingly, and understandingly waived his juvenile rights prior to admitting any statement made by the juvenile during a custodial interrogation. *In re Riley*, 61 N.C. App. 749, 301 S.E. 2d 750 (1983).

Here, the trial court found as facts:

> [T]hat these rights were explained in detail to the juvenile in his mother's presence and that his mother understood these rights and had each and every one of them read and explained to her as well as to the juvenile and the Court, in the area of juvenile law, has to be guided not only by the general principles of the constitutional law but has to look specifically at the statutory scheme for juveniles and often our appellate courts have said that we have to look to the specific statutory language and it appears that, and the Court finds and rules that the statutory scheme is designed to protect the rights of the juvenile; that the purpose of having parents available with juveniles when they're questioned by law enforcement personnel is to be sure that the parent is advised as well as the juvenile of these rights. It's not necessary in this court's mind that the juvenile totally understand each and every legal term involved with these rights. That in addition to having these rights explained to the juvenile, they're

explained to the parents as well so that the parent understands and can acquiesce on behalf of the juvenile in terms of understanding the procedures. And it appears that the mother was specifically involved in this process; that she was there when each and every one of these rights were explained and she understood that these questions were for the purpose of determining this young man's involvement, if any, with the episode and that she, on behalf of her son, waived these rights; that is, waived any right against self-incrimination and acquiesced in allowing the police officer to examine this young man and that she did so freely, understandingly, knowingly understanding what the process was. . . .

These findings do not meet the requirements of G.S. 7A-595(d). In particular, the finding that respondent's mother freely, understandingly, and knowingly waived respondent's juvenile rights is not equivalent to a finding that respondent knowingly and understandingly waived his rights. Furthermore, "a parent, guardian, or custodian may not waive *any* right on behalf of the juvenile." G.S. 7A-595(b) (emphasis added). Accordingly, we hold that the trial court erred in admitting respondent's inculpatory statement without first finding that he knowingly, willingly and understandingly waived his juvenile rights.

We note also that the trial court failed to affirmatively state that the allegations of the juvenile petition were proved beyond a reasonable doubt as required by G.S. 7A-635 and -637. *In re Wade*, 67 N.C. App. 708, 313 S.E. 2d 862 (1984); *In re Johnson*, 32 N.C. App. 492, 232 S.E. 2d 486 (1977). Failure to follow the statutory mandate is error. *In re Wade, supra*, at 711, 313 S.E. 2d at 864.

Reversed and remanded.

Judges BECTON and PHILLIPS concur.