IN THE MATTER OF D.A., Q.A., AND T.A., MINOR CHILDREN

No. COA04-604

(Filed 15 March 2005)

**Termination of Parental Rights— lack of jurisdiction—insufficient notice of motion to terminate rights**

    The trial court lacked jurisdiction to terminate respondent mother's parental rights, and the case is remanded for a rehearing based on insufficient notice of the motion to terminate parental rights, because: (1) N.C.G.S. § 7B-1106.1 provides the requirements for notice served on respondent, and only the first requirement of the names of the juveniles was included in the notice served on respondent; and (2) failure to comply with the statutory mandate is reversible error.

**IN RE D.A., Q.A., & T.A.**

[169 N.C. App. 245 (2005)]

Appeal by Respondent from orders entered 22 September 2003 by Judge Samuel Grimes in District Court, Beaufort County. Heard in the Court of Appeals 11 January 2005.

*Jeffrey L. Miller, for respondent-appellant.*

*Alice A. Espenshade, for petitioner-appellee.*

WYNN, Judge.

Respondent mother appeals from orders of the trial court terminating her parental rights regarding D.A., Q.A., and T.A. Respondent argues, *inter alia*, that the trial court lacked jurisdiction because notice of the motion to terminate parental rights did not comport with North Carolina General Statutes section 1106.1. After careful review, we vacate the trial court's orders and remand for rehearing.

The procedural and factual history of the instant appeal is as follows: The children's parents had a relationship marked by instability and violence, which was found to pose a risk of harm to the children. On 11 August 2000, Beaufort County Department of Social Services ("DSS") filed petitions alleging the children to be neglected and dependent. Accordingly, DSS obtained non-secure custody of the children from their father, who had sole custody after he had ejected Respondent from the family home. On 26 January 2001, orders were entered adjudicating the children neglected and dependent. Thereafter, review and permanency planning hearings were held. While, in the context of these review and planning hearings, the trial court "admonishe[d] [Respondent] . . . that the next step is cessation of reunification[,]" the permanency plan nevertheless remained reunification.

On 11 April 2003, before a scheduled review and planning hearing, DSS filed motions to terminate Respondent's parental rights. Adjudicatory and dispositional hearings were held on 8 and 9 July 2003, and on 22 September 2003, the trial court entered orders terminating Respondent's parental rights. Respondent appeals from these orders.

**IN RE D.A., Q.A., & T.A.**

[169 N.C. App. 245 (2005)]

On appeal, Respondent contends that notice of the motion to terminate parental rights did not comport with North Carolina General Statutes section 1106.1. We agree.[1]

North Carolina General Statutes section 1106.1 states that notice to parents in termination or parental rights proceedings shall include all of the following:

(1) The name of the minor juvenile.

(2) Notice that a written response to the motion must be filed with the clerk within 30 days after service of the motion and notice, or the parent's rights may be terminated.

(3) Notice that any attorney appointed previously to represent the parent in the abuse, neglect, or dependency proceeding will continue to represent the parents unless otherwise ordered by the court.

(4) Notice that if the parent is indigent, the parent is entitled to appointed counsel and if the parent is not already represented by appointed counsel the parent may contact the clerk immediately to request counsel.

(5) Notice that the date, time, and place of hearing will be mailed by the moving party upon filing of the response or 30 days from the date of service if no response is filed.

(6) Notice of the purpose of the hearing and notice that the parents may attend the termination hearing.

N.C. Gen. Stat. § 7B-1106.1 (2003). In *In re Alexander*, 158 N.C. App. 522, 581 S.E.2d 466 (2003), this Court stated unequivocally that:

The law regarding notice accompanying a motion to terminate parental rights is clear: (1) the notice "shall" be directed to the necessary parties, including the parents of the juvenile, (2) the notice "shall" include the required elements, and (3) the notice "shall" be served in accordance with N.C. Gen. Stat. § 1A-1, Rule 5(b). This Court has held the General Assembly's use

---

1. Petitioner asserts that Respondent failed to preserve this matter for review and cites *In re Howell*, 161 N.C. App. 650, 589 S.E.2d 157 (2003), for support. In *In re Howell*, the respondent failed to object to process and service and agreed at a termination hearing that service of process had been proper. Here, in contrast, the record reveals that Respondent did not agree that notice complied with the statutory requirements, and Respondent objected to at least some aspects of notice and/or service thereof on or prior to 6 June 2003.

IN RE D.A., Q.A., & T.A.

[169 N.C. App. 245 (2005)]

of the word "shall" establishes a mandate, and failure to comply with the statutory mandate is reversible error. *In re Eades*, 143 N.C. App. 712, 713, 547 S.E.2d 146, 147 (2001).

The notice requirements at issue are part of a statutory framework intended to safeguard a parent's fundamental rights "to make decisions concerning the care, custody, and control of their children." *Troxel v. Granville*, 530 U.S. 57, 66, 120 S.Ct. 2054, 2060, 147 L. Ed. 2d 49, 57 (2000). "This parental liberty interest 'is perhaps the oldest of the fundamental liberty interests[.]' " *Owenby v. Young*, 357 N.C. 142, 144, 579 S.E.2d 264, 266 (2003) (quoting *Troxel*, 530 U.S. at 65, 120 S.Ct. at 2059, 147 L. Ed. 2d at 56)). The notice requirements in the enacted framework are neither unnecessary nor overly burdensome. . . . [W]here a movant fails to give the required notice, prejudicial error exists, and a new hearing is required.

*In re Alexander*, 158 N.C. App. at 525-26, 581 S.E.2d at 468-69.

Here, only the first requirement, the names of the juveniles, was included in the notice served on Respondent. All other statutory requirements were omitted. Because DSS failed to give the statutorily required notice, prejudicial error exists and a new hearing is warranted. *In re Alexander*, 158 N.C. App. at 526, 581 S.E.2d at 469 ("[W]here a movant fails to give the required notice, prejudicial error exists, and a new hearing is required.").

Accordingly, we vacate the orders of the trial court and remand this matter for rehearing. Because a new hearing has been granted, we need not address Respondent's other arguments.

Vacated and remanded for rehearing.

Judges McGEE and TYSON concur.