669 S.E.2d 15 (2008)
In the Matter of C.S.B., A Minor Child.
No. COA08-881.
Court of Appeals of North Carolina.
December 2, 2008.
*16 J. Gregory Matthews, Yadkinville, for petitioner-appellee.
Jon W. Myers, Lexington, for respondent-appellant.
Tracie M. Jordan, Jefferson, for Guardian ad Litem.
GEER, Judge.
Respondent mother appeals from the trial court's termination of her parental rights as to her minor child C.S.B. In her sole argument on appeal, respondent asserts that the trial court lacked subject matter jurisdiction because she was never served with the notice required by N.C. Gen.Stat. § 7B-1106.1 (2007) for motions in the cause seeking termination of parental rights. We hold, however, that respondent waived any objection to noncompliance with § 7B-1106.1 when she filed a verified response and participated in the termination proceeding. Accordingly, we affirm.

Facts
Petitioner Yadkin County Department of Social Services ("DSS") filed juvenile petitions on 27 June 2006, alleging that respondent's three minor children, J.R.R., S.E.R., and C.S.B., were neglected juveniles in that they did not receive proper care, supervision, or discipline from respondent. The trial court entered an order on 15 August 2006 in which it found the juveniles to be neglected as defined in N.C. Gen.Stat. § 7B-101(15) (2007), granted custody of the juveniles to DSS, and ordered DSS to continue reasonable efforts toward reunification of the juveniles with respondent.
After periodic review hearings, the trial court relieved DSS of further reunification efforts in an order entered 24 September 2007. DSS subsequently filed a motion in the cause on 10 December 2007, seeking termination of respondent's parental rights as to C.S.B., but not as to J.R.R. or S.E.R. Although respondent was properly served with the motion for termination of parental rights, DSS acknowledges that it failed to give respondent the notice of the motion required by N.C. Gen.Stat. § 7B-1106.1(a). Respondent filed a verified answer on 13 February 2008. The termination of parental rights hearing was conducted on 9 April 2008, and, in an order entered 8 May 2008, the trial court terminated respondent's parental rights as to C.S.B. Respondent timely appealed to this Court.

Discussion
The Juvenile Code provides two means by which proceedings to terminate an individual's parental rights may be initiated: "(1) by filing a petition to initiate a new action concerning the juvenile; or (2) in a pending child abuse, neglect, or dependency proceeding in which the district court is already exercising jurisdiction over the juvenile and parent, by filing a motion to terminate pursuant to N.C. Gen.Stat. § 7B-1102." In re S.F., ___ N.C.App. ___, ___, 660 S.E.2d 924, 927 (2008) (emphasis added). When a motion is filed, as opposed to a petition, N.C. Gen.Stat. § 7B-1106.1(a) provides that the movant "shall prepare a notice" directed to the parents of the juvenile, any guardian of the juvenile's person, the custodian of the juvenile, the county department of social services charged with the juvenile's placement, the juvenile's guardian ad litem, and the juvenile (if 12 years of age or older at the time the motion is filed). The notice shall include the following information:
(1) The name of the minor juvenile.
(2) Notice that a written response to the motion must be filed with the clerk within 30 days after service of the motion and notice, or the parent's rights may be terminated.
(3) Notice that any attorney appointed previously to represent the parent in the abuse, neglect, or dependency proceeding will continue to represent the *17 parents unless otherwise ordered by the court.
(4) Notice that if the parent is indigent, the parent is entitled to appointed counsel and if the parent is not already represented by appointed counsel the parent may contact the clerk immediately to request counsel.
(5) Notice that the date, time, and place of hearing will be mailed by the moving party upon filing of the response or 30 days from the date of service if no response is filed.
(6) Notice of the purpose of the hearing and notice that the parents may attend the termination hearing.
N.C. Gen.Stat. § 7B-1106.1(b).
Respondent contends that DSS' failure to serve her with the notice required by N.C. Gen.Stat. § 7B-1106.1 deprived the trial court of subject matter jurisdiction. This Court has previously held that "where a movant fails to give the required notice [under N.C. Gen.Stat. § 7B-1106.1], prejudicial error exists, and a new hearing is required." In re Alexander, 158 N.C.App. 522, 526, 581 S.E.2d 466, 469 (2003). See also In re D.A., Q.A., & T.A., 169 N.C.App. 245, 248, 609 S.E.2d 471, 473 (2005) ("Because DSS failed to give the statutorily required notice, prejudicial error exists and a new hearing is warranted."). Nevertheless, this Court has also held that a party entitled to notice under § 7B-1106.1 "waives that notice by attending the hearing of the motion and participating in it without objecting to the lack thereof." In re B.M., M.M., An.M., & Al.M., 168 N.C.App. 350, 355, 607 S.E.2d 698, 702 (2005); accord In re J.S.L., 177 N.C.App. 151, 155, 628 S.E.2d 387, 389 (2006).
In this case, after respondent and her trial counsel were served with the termination of parental rights motion, respondent signed and filed a verified reply to the motion. In her verified reply, respondent asserted two affirmative defenses and moved to dismiss DSS' motion, without objecting to the lack of proper notice under N.C. Gen.Stat. § 7B-1106.1. Respondent was not present at the termination of parental rights hearing, but her trial counsel explained to the trial court that respondent knew of the hearing and intended to be there, but was having "transportation problems." Respondent's counsel did not raise any objection to the lack of proper notice under N.C. Gen.Stat. § 7B-1106.1 at any point during the hearing and fully participated in the proceeding.
By responding to DSS' motion in a verified reply and participating, through counsel, in the termination proceeding, respondent waived any objection to the lack of proper notice under N.C. Gen.Stat. § 7B-1106.1. See J.S.L., 177 N.C.App. at 155, 628 S.E.2d at 389 (finding waiver of objection to adequate notice under N.C. Gen.Stat. § 7B-1106.1 where respondent mother appeared with counsel at termination hearing and failed to object to any lack of notice); B.M., 168 N.C.App. at 356, 607 S.E.2d at 702 (holding respondents waived objection to lack of proper notice by appearing with counsel and participating in termination proceeding without objection). Respondent, therefore, failed to preserve for appellate review her objection to lack of adequate notice. See N.C.R.App. P. 10(b)(1).
Respondent argues that the waiver cases are distinguishable from this appeal because she has argued that the lack of notice under N.C. Gen.Stat. § 7B-1106.1 deprives the trial court of subject matter jurisdiction, an argument not specifically addressed in the prior opinions. We disagree. The failure to provide proper notice under N.C. Gen.Stat. § 7B-1106.1 cannot affect the trial court's subject matter jurisdiction "because the court has already acquired subject matter jurisdiction over the juvenile and parents because of the ongoing proceedings...." S.F., ___ N.C.App. at ___, 660 S.E.2d at 927.
Neither Alexander nor D.A., the authority relied upon by respondent, held that the failure to comply with the statutory requirements of N.C. Gen.Stat. § 7B-1106.1 deprives the trial court of subject matter jurisdiction. In both Alexander and D.A., we remanded for rehearing. If, as respondent contends, failure to comply with the notice requirements of N.C. Gen.Stat. § 7B-1106.1 divested the trial court of subject matter jurisdiction, this Court would have been required *18 to dismiss the termination of parental rights action without further proceedings. See In re T.R.P., 360 N.C. 588, 590, 636 S.E.2d 787, 790 (2006) ("Subject matter jurisdiction is the indispensable foundation upon which valid judicial decisions rest, and in its absence a court has no power to act[.]"). Thus, the fact that we remanded the cases to the trial court for rehearing on the termination of parental rights motions necessarily means that DSS' failure to give respondent proper notice under N.C. Gen.Stat. § 7B-1106.1 did not deprive the court of subject matter jurisdiction.
In sum, while DSS violated N.C. Gen.Stat. § 7B-1106.1, respondent waived any objection to that violation by failing to raise the issue below and by participating in the termination of parental rights proceedings. Since respondent presents no other argument for reversal, we affirm the decision below.
Affirmed.
Judges HUNTER and ARROWOOD concur.