692 S.E.2d 177 (2010)
In the Matter of T.D.W., Minor Child.
No. COA09-1519.
Court of Appeals of North Carolina.
April 20, 2010.
*178 Erica Glass McDoe, Asheboro, for Randolph County Department of Social Services, petitioner-appellee.
Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Heather Adams, Raleigh, and Katherine Y. Lavole, for guardian ad litem-appellee.
Betsy J. Wolfenden, Chapel Hill, for mother, respondent-appellant.
ERVIN, Judge.
Respondent-Mother Crystal M. appeals from an order entered by the trial court terminating her parental rights in the minor child T.D.W. (Thomas).[1] On appeal, Respondent-Mother challenges the timeliness and accuracy of the notice that she received pursuant to N.C. Gen.Stat. § 7B-1106.1(b)(5). After careful consideration of Respondent-Mother's contentions in light of the record and the applicable law, we conclude that no prejudicial error occurred in the proceedings leading to the entry of the trial court's termination order and that, for that reason, it should be affirmed.
On 19 July 2006, the Randolph County Department of Social Services filed a juvenile petition alleging that Thomas was a dependent juvenile. On the same day, DSS obtained non-secure custody of Thomas.
On 28 September 2006, the trial court held an adjudication hearing on the juvenile petition. On that date, the trial court rendered an order in open court adjudicating Thomas to be a dependent juvenile and placing him in the custody of DSS. The written order to this effect was filed on 15 October 2007.
On 13 June 2007, the trial court held a permanency planning hearing. The permanent plan adopted for Thomas by the court included reunification with Respondent-Mother. Although reunification remained the permanent plan for an extended period of time, the trial court ceased efforts toward reunifying Thomas with Respondent-Mother and modified the permanent plan to adoption in an order that was announced in open court on 29 October 2008 and entered on 23 February 2009 after a trial home placement proved unsuccessful.
On 13 April 2009, DSS filed a motion to terminate Respondent-Mother's parental rights in Thomas. On 8 July 2009, the trial court held a hearing on the motion to terminate parental rights. Although Respondent-Mother did not appear at the hearing held in connection with the termination motion, her attorney did not lodge any objection to the notice that Respondent-Mother had received at the termination proceeding. The trial court entered an order on 24 August 2009 terminating Respondent-Mother's parental rights in Thomas. On 18 September 2009, Respondent-Mother noted an appeal to this Court from the trial court's termination order.[2]
Respondent-Mother's sole argument on appeal is that the trial court erred, abused its discretion and violated her constitutional right to due process in terminating her parental rights in Thomas by virtue of the fact that notice of the termination hearing was not timely served and the notice was defective. More specifically, Respondent-Mother contends that the present termination proceeding was not conducted in compliance with N.C. Gen.Stat. § 7B-1106.1 (2009), because DSS did not mail notice of the termination hearing in a timely manner and because the notice provided an incorrect time for the 8 July 2009 termination hearing.
*179 If a termination proceeding is initiated by motion, then the movant is required to prepare a notice directed to the parents of the juvenile which contains the following information:
(1) The name of the minor juvenile.
(2) Notice that a written response to the motion must be filed with the clerk within 30 days after service of the motion and notice, or the parent's rights may be terminated.
(3) Notice that any counsel appointed previously and still representing the parent in an abuse, neglect, or dependency proceeding will continue to represent the parents unless otherwise ordered by the court.
(4) Notice that if the parent is indigent, the parent is entitled to appointed counsel and if the parent is not already represented by appointed counsel the parent may contact the clerk immediately to request counsel.
(5) Notice that the date, time, and place of any pretrial hearing pursuant to [N.C. Gen.Stat. §] 7B-1108.1 and the hearing on the motion will be mailed by the moving party upon filing of the response or 30 days from the date of service if no response is filed.
(6) Notice of the purpose of the hearing and notice that the parents may attend the termination hearing.
N.C. Gen.Stat. §§ 7B-1106.1(a) and (b). "[S]ection 7B-1106.1 directs the petitioner to notify the respondent that proceedings to terminate his or her parental rights have been commenced and that a TPR hearing will be held at a future date." In re J.L.K., 165 N.C.App. 311, 316, 598 S.E.2d 387, 391 (emphasis in original), disc. review denied, 359 N.C. 68, 604 S.E.2d 314 (2004).
The notice sent in conjunction with the Motion to Terminate Parental Rights to Respondent-Mother utilizes the language of N.C. Gen.Stat. § 7B-1106.1(b) and was served upon Respondent-Mother by certified mail sent to her last known address.[3] An affidavit of service confirms that the Motion to Terminate Parental Rights and the notice required by N.C. Gen.Stat. § 7B-1106.1 was mailed to Respondent-Mother on 13 April 2009. As is evidenced by the affidavit of service, Respondent-Mother was served with the Motion to Terminate Parental Rights and the notice on 17 April 2009.[4] On 18 June 2009, the office of the Clerk of Superior Court of Randolph County sent Respondent-Mother a notice concerning the date, time and location of the termination hearing, which was set for 8 July 2009 at 9:00 a.m.[5]
*180 Respondent-Mother first contends that the trial court's order terminating her parental rights in Thomas should be vacated because the notice of the "date, time, and place of the hearing" required by N.C. Gen.Stat. § 7B1106.1(b)(5) was not sent to her in a timely manner. As a result of the fact that Respondent-Mother did not file a response to the termination motion, N.C. Gen.Stat. § 7B-1106.1 (b)(5) provides that notice of the "date, time, and place" of the hearing be sent within "30 days from the date of service." As Respondent-Mother notes, the office of the Clerk of Superior Court of Randolph County did not send Respondent-Mother a notice that the hearing on the termination motion would be held at 9:00 a.m. on 8 July 2009 until 18 June 2009.[6] Respondent-Mother argues that "`[t]he use of the word `shall' by our Legislature has been held by this Court to be a mandate, and the failure to comply with this mandate constitutes reversible error,'"[7]In re Z.T.B., 170 N.C.App. 564, 569, 613 S.E.2d 298, 300 (2005), citing In re Eades, 143 N.C.App. 712, 713, 547 S.E.2d 146, 147 (2001); In re Johnson, 76 N.C.App. 159, 331 S.E.2d 756 (1985); and In re Wade, 67 N.C.App. 708, 313 S.E.2d 862 (1984), and that "[v]iolation of the clear mandate of a statute has been held by this Court to constitute reversible error per se."
Respondent-Mother is clearly correct in arguing that the 18 June 2009 notice was not sent in a timely manner. As a result of the fact that Respondent-Mother did not file a response within 30 days of service of the notice and a copy of the motion seeking the termination of her parental rights in Thomas, the notice described in N.C. Gen.Stat. § 7B-1106.1(b)(5) should have been transmitted to her no later than 17 May 2009. For that reason, the notice that a hearing would be held on the termination motion on 8 July 2009 was sent to Respondent-Mother approximately 30 days later than contemplated by N.C. Gen.Stat. § 7B-1106.1(b)(5). The existence of this error in the proceedings leading up to the entry of the termination order does not, however, mandate the vacating of the termination order as Respondent-Mother suggests.
Although this Court has rejected the contention that a failure to strictly comply with the general notice requirement of N.C. Gen. Stat. § 7B-1106.1(b) can be excused on the grounds that the parent who did not receive the required notice was not prejudiced, Alexander, 158 N.C.App. at 525, 581 S.E.2d at 468-69; In re D.A., Q.A., & T.A., 169 N.C.App. 245, 247-48, 609 S.E.2d 471, 472-73 (2005), it is clear from an examination of our opinions in those case that the error at issue there was either a total failure to provide the notice required by N.C. Gen.Stat. § 7B-1106.1(b) or a failure to provide important components of that notice required by N.C. Gen.Stat. § 7B-1106.1(b), rather than a failure to provide the subsequent notice required by N.C. Gen.Stat. § 7B-1106.1(b)(5). As a result, our decisions in Alexander and D.A. are not controlling on the issue of whether a failure to provide timely notice of the "date, time, and place of . . . the hearing on the motion" in accordance with N.C. Gen. Stat. § 7B-1106.1(b)(5) necessitates vacating a termination order entered in the absence of timely notice. Thus, contrary to Respondent-Mother's contentions, we are not persuaded that a failure to provide notice of the date, time, and place of the hearing to be held in connection with a termination motion pursuant to N.C. Gen.Stat. § 7B-1106.1(b)(5) *181 inevitably requires an award of appellate relief.
After careful consideration, we conclude that the failure to provide Respondent-Mother with notice of the date, time, and place of the hearing on the termination motion on or before 17 May 2009 pursuant to N.C. Gen.Stat. § 7B-1106.1(b)(5) does not necessitate an award of appellate relief in this case for two different, albeit related, reasons. First, there is no indication in the present record that Respondent-Mother was in any way prejudiced by the fact that notice of the 8 July 2009 hearing was sent on 18 June 2009 instead of 17 May 2008. We see no reason why a failure to mechanically comply with N.C. Gen.Stat. § 7B-1106.1(b)(5) should not be subject to harmless error analysis, see In re Huff, 140 N.C.App. 288, 298, 536 S.E.2d 838, 845 (2000), disc. review denied and appeal dismissed, 353 N.C. 374, 547 S.E.2d 9 (2001) (holding that, "even assuming arguendo that the trial court erred in allowing any religious inquiry, such error was not prejudicial because there is no indication that the testimony impacted the trial court's decision"), particularly given the absence from N.C. Gen.Stat. § 7B-1106.1(b)(5) of the mandatory language found in other portions of N.C. Gen.Stat. § 7B-1106.1. Under established standards for conducting harmless error review, we are unable to conclude that Respondent-Mother was prejudiced by the late service of the notice required by N.C. Gen.Stat. § 7B-1106.1(b)(5).
Prior to the filing of the termination motion, Respondent-Mother was aware that the permanent plan for Thomas was adoption and that it would be necessary for DSS to seek to have her parental rights in Thomas terminated in order to implement that permanent plan. On 17 April 2009, a copy of the termination motion required by N.C. Gen. Stat. § 7B-1106.1(b) was received at Respondent-Mother's last known address. On 30 April 2009, the office of the Clerk of Superior Court of Randolph County sent Respondent-Mother a notice that a pretrial hearing would be held on 20 May 2009. Similarly, on 18 June 2009, the Clerk's office sent Respondent-Mother a notice that the termination hearing would be held on 8 July 2009. Even so, Respondent-Mother did not appear on 8 July 2009, and her trial counsel informed the trial court that he had not heard from her in months. Furthermore, Respondent-Mother has not made any attempt to demonstrate how she was handicapped in either attending or presenting evidence at the 8 July 2009 hearing given the nature of the notice that she actually received. Given this set of circumstances and the relatively undisputed nature of the evidence presented by DSS in support of the termination motion, we cannot see how Respondent-Mother was prejudiced by the fact that notice of the 8 July 2009 hearing was sent to her on 18 June 2009 rather than 17 May 2009.
Secondly, this Court held in In re J.S.L., 177 N.C.App. 151, 155, 628 S.E.2d 387, 390 (2006), that a respondent parent who appeared at a termination hearing with counsel, participated in the hearing, and failed to object to the absence of proper notice waived the right to complain about the lack of proper notice on appeal (citing In re B.M., M.M., An.M., & Al.M., 168 N.C.App. 350, 355, 607 S.E.2d 698, 702 (2005)). Although Respondent-Mother did not appear at the hearing, her trial counsel did. Despite having ample opportunity to object to the fact that notice that the termination hearing would be held on 8 July 2009 was not sent to Respondent-Mother until 18 June 2009, he did not do so. As a result, in addition to finding that Respondent-Mother was not prejudiced by the fact that notice of the exact date of the termination hearing was not mailed to her until 18 June 2009, we further conclude that Respondent-Mother has waived the right to object to any deficiencies in the notice of the 8 July 2009 hearing that was provided to her by the failure of her trial counsel to lodge a notice-based objection during the course of that hearing.
Secondly, Respondent-Mother also contends that the order terminating her parental rights in Thomas should be vacated because the time specified in the 18 June 2009 notice for the 8 July 2009 termination hearing was incorrect. As we understand Respondent-Mother's argument, she contends that the notice indicated that the hearing would begin at 9:00 a.m. on 8 July 2009, but it actually *182 occurred at 12:17 p.m. However, Respondent-Mother does not cite any authority in support of her argument that the three hour and seventeen minute differential between the time specified in the notice sent to her pursuant to N.C. Gen.Stat. § 7B-1106.1(b)(5) and the time that the hearing actually began provides any basis for an award of appellate relief. Furthermore, an examination of the record strongly suggests that the hearing started at 12:17 p.m. rather than 9:00 a.m. because Respondent-Mother's trial counsel had scheduling conflicts which the trial court elected to accommodate,[8] a factor about which Respondent-Mother has very little grounds to complain. In addition, there is no indication that Respondent-Mother appeared at the time specified in the notice sent to her pursuant to N.C. Gen.Stat. § 7B-1106.1(b)(5) or at any other time. In fact, Respondent-Mother's trial counsel indicated that he had not heard from her for several months prior to the termination hearing and that "what I should have done is move to withdraw[,] but I hate to do that in case she does contact me again." Finally, Respondent-Mother has not established that she sustained any prejudice as a result of the fact that the termination hearing began at 12:17 p.m. rather than at 9:00 a.m. Thus, we conclude that this argument has no merit.
As a result, for the reasons set forth above, we conclude that Respondent-Mother has not demonstrated that any prejudicial error occurred in the proceedings leading up to the entry of the trial court's order terminating her parental rights in Thomas. Thus, the trial court's order terminating Respondent-Mother's parental rights in Thomas should be, and hereby is, affirmed.
Affirmed.
Judges McGEE and ROBERT C. HUNTER concur.
NOTES
[1] "Thomas" is a pseudonym that will be used for the minor child throughout the remainder of this opinion for ease of reading and in order to protect his privacy.
[2] The trial court's order also terminated Respondent-Mother's parental rights in two other minor children, B.A.A.M. and T.E.W. According to a stipulation contained in the record on appeal, Respondent-Mother is not challenging the trial court's decision to terminate her parental rights in B.A.A.M. and T.E.W. on appeal.
[3] As a result of the fact that the language of the notice sent to Respondent-Mother on 13 April 2009 is couched in the language of N.C. Gen. Stat. § 7B-1106.1(b), In re J.T.W., 178 N.C.App. 678, 683, 632 S.E.2d 237, 240 (2006), rev'd on other grounds, 361 N.C. 341, 643 S.E.2d 579 (2007), the contents of the notice mailed to Respondent-Mother on 13 April 2009 are legally sufficient, and Respondent-Mother does not appear to argue otherwise.
[4] Respondent-Mother notes in her brief that the termination motion and the notice required by N.C. Gen.Stat. § 7B-1106.1(b) was served by certified mail addressed to her at 852 HR Holt Cir, Troy, NC 27371, and that "Elaine Williams signed for the motion." According to Respondent-Mother, "[t]here is no evidence in the record that Elaine Williams resided at 852 HR Holt Cir, Troy NC 27371, with Respondent[-]Mother or that Respondent-Mother received the motion." However, since Respondent-Mother has not cited any authority in support of her implicit claim that service of the notice and motion was improper; since N.C. Gen.Stat. § 1A-1, Rule 4(j2)(2) provides that an "affidavit together with the return receipt, copy of the proof of delivery provided by the United States Postal Service, or delivery receipt signed by the person who received the mail or delivery if not the addressee raises a presumption that the person who received the mail or delivery and signed the receipt was an agent of the addressee authorized by appointment or by law to be served or to accept service of process or was a person of suitable age or discretion residing in the addressee's dwelling house or usual place of abode;" and since the record does not reflect that any attempt was made to rebut the presumption established by N.C. Gen.Stat. § 1A-1, Rule 4(j2)(2), we are not persuaded by Respondent-Mother's suggestion that the motion and notice required by N.C. Gen.Stat. § 7B-1106.1(a) were not properly served as required by N.C. Gen.Stat. § 7B-1102(b).
[5] The record also reflects that the office of the Clerk of Superior Court sent Respondent-Mother a notice on 30 April 2008 indicating that a pretrial hearing would be held pursuant to N.C. Gen.Stat. § 7B-1108.1 on 20 May 2009. This notice was sent well within the time limitations specified by N.C. Gen.Stat. § 7B1106.1 (b)(5). DSS and the Guardian ad Litem have not contended that the sending of this notice constitutes full compliance with the requirements of N.C. Gen.Stat. § 7B-1106.1(b)(5), so we will assume, without deciding, that it does not.
[6] Respondent-Mother does not challenge the fact that the 18 June 2009 notice was sent by the office of the Clerk of Superior Court of Randolph County rather than by DSS.
[7] Interestingly enough, although the word "shall" appears in the language at the beginning of N.C. Gen.Stat. § 7B-1106.1(b) which describes the contents of the required notice, In re J.L.K., 165 N.C.App. at 315, 598 S.E.2d at 390 (describing the requirement that a notice containing certain information be sent to the juvenile's parents in a termination proceeding as "mandatory"); see also In re Alexander, 158 N.C.App. 522, 524, 581 S.E.2d 466, 467-68 (2003) (referring to the "mandatory nature of the language employed in N.C. Gen.Stat. § 7B-1106.1"), the word "shall" does not appear in N.C. Gen.Stat. § 7B-1106.1(b)(5) itself.
[8] According to the transcript, Respondent-Mother's trial counsel indicated that he was not present promptly at 9:00 a.m. on 8 July 2009 because he had a hearing before the Clerk of Superior Court and that he was also involved in a workers' compensation mediation that was occurring in his office and in proceedings in a criminal session of the District Court that morning as well. However, Respondent-Mother's trial counsel indicated that he had reported to the juvenile court at 9:30 a.m. and that he was ready to proceed when the matter was called for hearing.